## A. P. BAILEY v. J. P. COLLINS AND WIFE.

In this case, on the application of the heirs, after citation to the executors and the holder of a claim which had been allowed and approved, the Probate Court set aside the order of approval and rejected the claim ; and the judgment was affirmed.

Where on application of the heir, the Probate Court, after citation to the executors, set aside the order of approval of a claim and rejected the same, and on appeal, the District Court not only affirmed the judgment, but rendered judgment for the amount against the executors, it was held that the judgment so far as it was for a recovery against the executors ·was erroneous.

Error from Polk.    Application to the County Court by the appellees, as sole devisee of Charlotte Westbrook, alleging that a claim in favor of one Veckroy against said estate, which had been allowed and approved, was unjust, and praying that the approval thereof might be set aside.    The executors and Vickroy were cited to answer the application.    And A. P. Bailey intervened, alleging that he was a *bona fide* holder of the claim by assignment after it had been allowed and approved.    The County Court sustained the application, and gave judgment against the defendants for costs.    The defendants appealed to the District Court, where the case being submitted to the Judge without a jury, the judgment was affirmed at the Spring Term, 1854, and judgment rendered against "the defendants" for the amount of the claim.    (There was no statement of facts, and it is probable that there were facts before the Judge in the Court below, which were not disclosed by the record.    REPS.) Writ of error by A. P. Bailey alone.

*A. P. Bailey*, for himself.

*W. R. Moore*, for appellees.

WHEELER, J.    The object of the suit in the Probate Court

was to have the claim mentioned in the plaintiffs' petition, and charged to have been improperly admitted by the executors, disallowed and rejected. Under the allegations of the parties respectively, the question submitted for the judgment of the Court was, simply, whether the claim was a valid claim against the estate, and as such properly admitted; or was not a just and legal claim, nor properly admitted, and should be disallowed and rejected. This was the case, and the whole case, presented to and adjudicated by the Probate Court. The Court adjudged that the claim be disallowed and stricken from the list of debts against the estate, and that the plaintiffs recover their costs; and from this judgment the defendants appealed to the District Court. That Court affirmed the judgment of the Probate Court, and proceeded further to give judgment for the plaintiffs against the defendants personally, for the amount of the claim disallowed, with interest from the date of the judgment of the Probate Court; when that Court had not adjudged that the plaintiffs recover anything but their costs. This manifestly was error. The judgment appealed from was, simply, that the claim be disallowed and that the plaintiffs recover costs. This was all the plaintiffs asked, and all the Court could adjudge in their favor, upon the case presented. The judgment of the District Court could only have been warranted by the presentation of a new and different case from that litigated in the Probate Court, and one which was not made by the parties in the District Court; if it were even competent for the plaintiffs, upon the appeal, to ask an adjudication in the District Court upon a new and different case from that in which the judgment appealed from had been rendered. There is nothing in the record to warrant the judgment in favor of the plaintiffs for the recovery, against the defendants personally, of the claim disallowed by the Probate Court. In so far, therefore, as the judgment of the Probate Court is affirmed, there being no statement of facts, the presumption is that the judgment is legal and correct, and it will be affirmed. But in so far as it adjudges a recovery against the defendants personally, for the

claim disallowed by the Probate Court and interest thereon, which was not sought by the plaintiffs, nor warranted by the case presented and litigated between the parties, the judgment is erroneous, and must be set aside and reversed, as to the defendant who prosecutes this writ of error.

Reversed and re-formed.