## Charles McGar v. J. P. Nixon and others.

An administrator's allowance of a claim which was payable in Confederate money is wholly void, and an approval of the same by a probate judge is an absolute nullity. To maintain an injunction of such a claim, it is not necessary that the plaintiffs (who were administrators *de bonis non* and legatees) should prove that the allowance and approval were made or procured by mistake or by fraud.

19

APPEAL from Walker. Tried below before the Hon. J. R. Burnett.

This was an injunction suit, brought by Nixon and his wife, who sued both as legatees and as administrators *de bonis non*, with the will annexed, of Thomas Carothers, deceased. The allowance of the claim was made by the original administrator, who had been removed by the probate court.

*Randolph & McKinney*, for the appellant.

*Abercrombie & Banton*, for the appellees.

WALKER, J. This court has so often decided that contracts made in Confederate money will not be enforced in the courts of the State, that we need not now refer to authorities; and we have also decided in Fox *v.* Woods, 34 Texas, 220, that a judgment founded upon such a contract will be perpetually enjoined.

In this case the jury found that the contract sued on was to be executed in Confederate money, and the testimony supported the verdict. The contract being void in law, the allowance of the administrator and approval by the court were acts alike nugatory and void. Considering the allowance of the probate judge as a *quasi* judgment, it could nevertheless be reviewed and set aside.

The plaintiffs in this action sued as legatees and administrators, and they were not bound to prove that the allowance and approval of the claim were by fraud or mistake.

The allegation that these acts were invalid, with proof to support it, was all that could be required. (See Bailey *v.* Collins, 14 Texas, 151.) The judgment of the District Court is affirmed.

Affirmed.