JACKSON, *ex dem.* ANDERSON AND ANOTHER, *against* M'LEOD.

*Where A. a-grees to hire a lot of land of B. for a year, for 100 dollars, and he enters and holds over the year, he is a tenant at suf-ferance, and not entitled to notice to quit. And in an ac-tion of eject-ment against him, he will not be allowed to question the title of B. or to set up that of another.*

THIS was an action of ejectment for a lot of land in *New-burgh*, and was tried at the *Orange* circuit, in *August*, 1814. The premises were purchased by the lessors, at a sheriff's sale, and the deed of the sheriff to them, dated the 1st of *January*, 1810, was produced, as well as the execution, under which the sale was made. A witness testified, that on the 1st of *May*, 1810, *Anderson*, and the defendant, informed him, that the defendant had hired the premises in question from A. for one year for the sum of 100 dollars. The defendant desired security from A. that he should not suffer, in case he should be compelled to pay the rent to any other person than the plaintiff, and the witness became security for that purpose. And the defendant, on the same day, or the day after, took possession. No written agreement was shown. The plaintiff having rested his cause on this evidence, the defend-ant objected that he had not produced sufficient evidence to show that the defendant had acknowledged A. for his landlord, so as to entitle the plaintiff to recover: And that, at all events, the de-fendant could only be considered as a tenant at will, and therefore was entitled to a notice to quit, which had not been given. The judge overruled the objection. The defendant then offered to prove that after the agreement above mentioned with A. he entered on the premises under a lease from *Robert Roberts*, who claimed title to the premises, and with the knowledge of the lessors; and that at the time of the sale by the sheriff, the premises were in possession of one *Denniston*, who held ad-versely to *Johnson*, against whom the execution issued. But the judge overruled the evidence, and, under his direction, the jury found a verdict for the plaintiff.

A motion was made to set aside the verdict, and for a new trial. The case was submitted to the court without argument.

*Per Curiam.* The motion for a new trial in this cause must be denied. The defendant entered into the possession as tenant to the lessors of the plaintiff, under an agreement for the premises for one year, at $100 rent. The agreement is fully established, and it is necessarily to be inferred, that the

4

defendant entered under this agreement, for it was on the same
day, or the day after it was made, that he took possession. This
was in the spring of the year, 1810; and he has continued in
possession ever since. No notice to quit was necessary; there
is no evidence of any payment of rent, nor of any act done by
the lessors of the plaintiff after the expiration of the year, recog-
nizing the defendant as their tenant, so as to make him a tenant
from year to year. But having held over after the expiration
of his term, he is a tenant at sufferance, and not entitled to
notice to quit. The testimony offered on the part of the de-
fendant was properly overruled. For the defendant having
taken a lease under the lessors of the plaintiff, he was thereby
estopped from setting up a title under any other person. He
was bound first to restore the possession to his landlords, and
then the rights and claims of others to the premises can be tried.

Motion denied.