## JOHN VICTORY AND WIFE v. ALLEN STROUD.

Where the defendant went into the possession of the land, not knowing who was the owner, and, hearing that the plaintiffs were the owners, expressed a willingness to give a dollar an acre for a portion of the land, but subsequently told plaintiffs' agent that he would not purchase from plaintiffs, but would hold the land as administrator of a third person, it was held that the evidence failed to prove the relation of landlord and tenant between the plaintiffs and defendants.

Where an administrator is sued by a stranger for the recovery of land, proof of title in his intestate is a good defence, although the administration should be void.

Appeal from Williamson.

*Fisk & Bowers*, for appellants.

*Houghton & Armstrong*, for appellee.

LIPSCOMB, J. There are two points presented upon which the appellants, who were the plaintiffs below, ask a reversal of

the judgment of the Court. First, that the defendant was in possession as their tenant, and ought not have been permitted to dispute their title. The statement of facts shows the defendant went into the possession, not knowing who was the owner of the land; hearing that the plaintiffs were the owners, he expressed a willingness to give one dollar per acre for a portion of the land, but subsequently told plaintiffs' agent, who testified to the fact, that he would not purchase from plaintiffs, but would hold the land as administrator of Lang. This was the plaintiffs' evidence, and was all that was offered. It certainly falls far short of proving a tenancy.

The second is, that defendant ought not to have been allowed to set up an outstanding title in the heirs of Lang, because he was not legally the administrator of Lang, as from the time of the death of Lang some fifteen or twenty years had elapsed and no allegation of any indebtedness of the estate; that defendant had only obtained the administration for the purpose of having the land sold to pay expenses of the administration, and in fraud of the heirs. That may possibly be the object of the defendant in having the administration. It is probable that such considerations, in procuring administration, are not uncommon. But between these parties, the appellants' agreement would be very much like such as would be used between the lion and the wolf, with the shepherd of the flock: let me victimise the lamb, or the wolf will be sure to do it. It is the duty of the shepherd to protect the lamb from the rapacity of both; and no doubt this will be done, if properly presented to the Court. As the case was presented, there is no doubt the evidence of the superior title outstanding in the heirs of Lang was properly received, and the finding of the jury for the defendant is well sustained by the evidence, and there was no ground for a new trial. The judgment is affirmed.

Judgment affirmed.