JESSE M. BERRY v. J. W. JAGOE ET AL.

Decided January 12, 1907.

1.—Trespass to Try Title—Pleading—Landlord and Tenant.

Under the ordinary form of trespass to try title the plaintiff may prove that the defendant entered and held possession of the land in controversy as his tenant.

2.—Tenancy—Limitation—Evidence.

In a suit of trespass to try title, wherein the defendant asserted title to the land in controversy by limitation, evidence considered, and held sufficient to support a finding by the jury that the defendant entered upon the land as plaintiff's tenant.

3.—Trespass to Try Title—Landlord and Tenant.

A tenant can not dispute his landlord's title, and in trespass to try title a tenant will not be allowed to show as a defense that his landlord had no title.

Error from the District Court of Denton County.  Tried below before Hon. D. E. Barrett.

*John R. Stanley* and *F. B. Stanley,* for plaintiff in error—That where suit in statutory form is brought to recover title or possession of land, and defendant specially pleads the statute of limitations and title in himself, plaintiff must specially plead the facts relied on to avoid or defeat the bar of limitations and special titles pleaded by the defend-

ants, and also show superior title in himself. McSween v. Yett, 60 Texas, 183; Paul v. Perez, 7 Texas, 338; Howe v. O'Brien, 45 S. W. Rep., 813; Texas Banking Co. v. Stone, 49 Texas, 4.

That facts resting in parol, if relied on by plaintiff as constituting an estoppel of defendant to deny or dispute plaintiff's right or title to land, must be specially set forth by plea or they can not be judicially considered, see, Rivers v. Foote, 11 Texas, 662; Paul v. Perez, 7 Texas, 338; McSween v. Yett, 60 Texas, 183.

That the supposed executory contract shown by the evidence, and that submitted by the charge are, in effect and intention, a personal hiring or employment of Berry to render personal service to be paid for by use of a designated area of land and creates no relation of tenant or estoppel to acquire and assert adverse title. McCutchen v. Crenshaw, 19 S. E. Rep., 140 (S. C.); Kerrains v. People, 60 N. Y., 221; Haywood v. Miller, 3 Hill (N. Y.), 90; Chatard v. O'Donovan, 80 Ind., 20; Tiedman Real Prop., sec. 201.

That the parol contract is void and inoperative as a lease of land in that it fixes no terms or date of beginning and ending and creates no tenancy: Tiedman Real Prop., 173.

That where the possession is not taken from the lessee a lease contract creates only a personal right of entry and not possession, and is inoperative as a lease of land until entry is made thereunder: Tiedman Real Prop., sec. 174.

That if the lessor has neither the legal title nor the actual nor constructive possession nor right of possession of land, and surrenders nothing to the lessee, the lessee is not estopped by the contract from showing these facts in defense of a suit by the lessor for rents or possession: Smith v. Smith, 81 Texas, 45; Franklin v. Merida, 35 Cal., 558.

That contract to do something in the future is no estoppel: Jones v. Parker, 67 Texas, 82; Edwards v. Dickson, 66 Texas, 613; Bigelow on Estoppel, p. 486.

That plaintiff can not, under general issues, avoid or rebut the special issues made by defendant's special pleas of limitation and title in himself: McSween v. Yett, 60 Texas, 183; Howe v. O'Brien, 45 S. W. Rep., 813; Paul v. Perez, 7 Texas, 338.

Facts creating estoppel must be specially pleaded or not available. Texas Banking Co. v. Stone, 49 Texas, 4; Howe v. O'Brien, 45 S. W. Rep., 813.

Evidence of facts not pleaded, although admitted without objection, are of no avail. Paul v. Perez, 7 Texas, 338; Rivers v. Foote, 11 Texas, 662; Texas Banking Co. v. Stone, 49 Texas, 4.

A tax deed, though in evidence, is not evidence of title without proof that the tax laws have been complied with. Earle v. Henrietta, 91 Texas, 301; Donnebaum v. Tinsley, 54 Texas, 362.

That a tax deed for 419 acres unrendered of a 640-acre survey, without metes and bounds showing its location, is void for uncertainty, and creates no right: Alexander v. Newton, 11 Texas Civ. App., 621; Wooters v. Arledge, 54 Texas, 395; Smith v. Crosby, 86 Texas, 15.

The statements and admissions of Berry that his own right is or was inferior or subordinate, or not adverse to the right of Jagoe, were induced by and resulted from the fraud and false statements of Jagoe

and the ignorance and mistake of Berry, and does not operate to estop Berry to deny the asserted right of Jagoe, or to assert his own right. Victory v. Stroud, 15 Texas, 373; Whitsett v. Miller, 1 Posey U. C., 212; Hammers v. Hanrick, 69 Texas, 415; Dodge v. Phelan, 2 Texas Civ. App., 447; Welder v. McComb, 10 Texas Civ. App., 91; Arrowsmith v. Gleason, 129 U. S., 100.

Tenant may always show true relation and his prior right: Smith v. Smith, 81 Texas, 45.

The rule that one who enters or holds possession of land in subordination to the title of another is estopped to deny the title under which he enters or holds is subject to many exceptions, liberally recognized by the courts, and is not applicable and should not be applied to the facts of this case, which show that Jagoe never had title or color of title, possession or right of possession, actual or constructive. General Rule subject to exception liberally construed. Camley v. Stanfield, 10 Texas, 546; Tyler v. Davis, 61 Texas, 674.

Not applicable where landlord has no title or possession: Smith v. Smith, 81 Texas, 45; Jackson v. Spear, 7 Wend., 401; Franklin v. Merida, 35 Cal., 558; Tiedman Real Prop., p. 173, sec. 199 (cases cited —note 2).

That a contract to acquire title from a third person by adverse possession and statute of limitations is void. Glenn v. Mathews, 44 Texas, 400.

And if not in writing is void also under statute of frauds. Randall v. Howard, 2 Black. U. S., 585.

*J. W. Sullivan* and *Davis & Thomason,* for defendant in error.

CONNER, CHIEF JUSTICE.—Defendant in error J. W. Jagoe instituted this suit against plaintiff in error to try title, and to recover possession of about three hundred acres of the Robert A. Smith survey in Denton County. Plaintiff in error pleaded not guilty, the statute of limitation of ten years, and specially a purchase in good faith from one Halford, and actual, continued and exclusive possession under such claim for more than twenty years. Jagoe answered by a supplemental petition to the effect that if plaintiff in error ever had and held possession, it was as his, Jagoe's, tenant. The case was submitted on the sole issue of whether Berry's entry and long possession was under and in subordination to Jagoe. The jury returned a verdict to the effect that it was, and this writ of error has been prosecuted from the judgment entered in accord with the verdict.

Jagoe testified to the effect that about the year 1879, while claiming the land in controversy by virtue of a tax collector's sale and deed, he entered into a verbal contract with Berry under which Berry took possession of the land as his, Jagoe's, tenant, with no definite agreement as to time; that the land was unoccupied at the time Berry so took possession; that Berry was to have the premises free of rent upon the consideration that he protect the land and premises from trespassers, and that Berry's possession had continued under such agreement until shortly before the institution of this suit, when he repudiated his tenancy and for the first time began to claim the land in his own right. Plain-

tiff in error insists that the contract not having been specially pleaded, proof thereof was inadmissible under any issue presented by the pleadings. This position, however, can not be maintained. In trespass to try title it is not generally necessary for a plaintiff to set forth in his petition the evidences of his right to recover. (Parks v. Caudle, 58 Texas, 216; Edwards v. Barwise, 69 Texas, 84; Benavides v. Molino, 60 S. W. Rep., 260.) If it be said, however, that defendant in error brought himself within an exception to the general rule by his supplemental petition in specially pleading that plaintiff in error took possession as a tenant, then it is conceived that the allegations of the supplemental petition are broad enough to let in the evidence objected to; especially in the absence of exceptions thereto. The material issue in this view of the case was whether plaintiff in error entered into possession and maintained the character of a tenant of defendant in error. This was alleged, and it was unnecessary, by an elementary rule, to set out the evidence relied upon to establish the relation of tenant.

Plaintiff in error also insists, in substance, that the evidence fails to warrant the submission of the issue of tenancy, or to sustain the verdict thereon, in that plaintiff showed no title in himself, and that the court erred in failing and refusing to submit the claim of plaintiff in error under the ten year statute of limitation. It is sufficient to say of the later objection that the jury necessarily passed upon the title claimed by limitation. The jury were specifically instructed that unless they found that Berry entered into the contract of tenancy alleged by Jagoe, and that "in pursuance thereof Berry went into possession of said land to hold for Jagoe and not for himself," they should find for Berry. The court thus assumed that Berry had a right to recover in event of a failure to establish his alleged tenancy, the burden to do which was by the charge devolved upon Jagoe, and in finding for Jagoe the jury necessarily found that Berry's possession was not adverse to Jagoe nor under claim of any right in himself.

While plaintiff in error testified to a purchase and occupancy in his own right, his evidence is abundantly overcome by that of defendant in error. He testified not only as hereinbefore stated, but also that in a suit by one Scripture in 1902 against Berry and another, Berry denied interest in the land and he was permitted to intervene and defend as Berry's landlord; that in 1903 Berry paid money rent on the land in controversy and tried to buy it of him. Plaintiff in error wrote to Jagoe on December 21, 1903, concerning the land in controversy. In it Berry, among other things, says: "I received your letter and must say you have just simply went back on me in every respect; I say this because you have always told me when the trouble was all cleared away you would sell me that land a little cheaper than anybody else. I supposed it was because I held it down for you and kept others off of it, there are men who tried to get on that land to hold it for themselves and said I was a fool for not holding it for myself instead of holding it for you. I have had lots of trouble concerning that land. . . . I have always (thought) you would do what you said you would. I could have held the land and I knew it twenty years ago, Scripture tried his best to buy forty acres of that land from me . . . . provided I would give him possession of all the land, you have always promised to let me have that land at a reason-

able price and I always wanted to buy it instead of getting it any other way, land is not anything like that in price down here at all," etc.

Under this evidence, if credited by the jury, it was not necessary to Jagoe's recovery that he prove the validity of his tax title. In Tyler v. Davis, 61 Texas, 676, it is said: "That, as a general rule, a tenant can not dispute his landlord's title is well established and universally admitted, and neither citation of authority, nor discussion of the principle upon which it rests, is at all necessary, since it has been recognized at law for so great a length of time. It is applied as well in suits for rent as in those for the recovery of possession. In the action of ejectment it has always been held sufficient for a landlord, who is suing his tenant, to produce his lease, and that estoppel closes the mouth of the defendant to call his title in question. (Citing Jackson v. McLeod, 12 Johns., 182.) Our action of trespass to try title, whilst it abolishes the forms and fictions of ejectment, preserves most of its substantial principles, and this amongst others. Whilst the plaintiff must go back to the government or to a common source in other cases, yet as to one estopped to deny his title, it is enough that he establishes the facts upon which the estoppel is supported." In the case of Cross v. Freeman, 22 Texas Civ. App., 299, by the Court of Civil Appeals of the Third District it is said that "however unwise it may be to do so, we think any person competent to contract may, in the absence of fraud, bind himself to pay rent for the use of property to which the landlord has no title or right; and it is no defense to such a contract to say that the landlord had no title and the tenant may be liable to the true owner for rent."

So that, to show his right of recovery it was allsufficient for Jagoe to establish the fact alleged by him, that Berry· entered upon and held possession of the lands in controversy as his, Jagoe's, tenant. It is immaterial, therefore, that Jagoe failed to show that title to the survey had passed out of the patentee by the tax sale under which Jagoe claimed, or otherwise. Nor is it material that Jagoe himself was never in possession, and the point made by plaintiff in error that Berry's entry was under the purchase testified to by him and that therefore there was no consideration for Jagoe's rental contract, does not arise in this case, inasmuch as Jagoe's testimony was to the effect that plaintiff in error entered by virtue of the contract about which he testifies, and the issue was not otherwise submitted.

Finding no error in the proceedings, the judgment will be affirmed.

*Affirmed.*

Writ of error refused.