## ROCKHILL COUNTRY CLUB CO. v. NIX et al. (No. 5888.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 10, 1917. On Motion for Rehearing, Nov. 14, 1917.)

1. APPEAL AND ERROR ⊗═499(4)—SUFFICIENCY OF EVIDENCE — OBJECTIONS NOT SHOWN BY RECORD—PEREMPTORY INSTRUCTION.

The record failing to disclose objection to the giving of the peremptory instruction or that charges requested by defendant were tendered at the proper time and refusal thereof excepted to, defendant is in no position to complain of the verdict and judgment, and, as all assignments relate to the sufficiency of the evidence to support the verdict and judgment, they must be overruled.

2. APPEAL AND ERROR ⊗═1061(4) — FUNDAMENTAL ERROR—PEREMPTORY INSTRUCTIONS.

The giving or refusal of a peremptory instruction does not raise a question of fundamental error.

3. VENDOR AND PURCHASER ⊗═266(8) — VENDOR'S LIEN—WAIVER.

Plaintiff conveyed certain land to W., retaining a vendor's lien. Certain of the notes for the purchase price not being paid, plaintiff sued to recover on the notes and to foreclose the vendor's lien. Before the termination of the suit a charter for defendant corporation was filed, and on the same day W. conveyed the land to K. as trustee for the corporation. Later K. and W. conveyed to the corporation, subject to the vendor's lien. A settlement of the pending suit was made between plaintiff W. and the corporation and the suit dismissed. By the terms of the settlement the corporation was to execute deeds conveying the land in controversy to plaintiff, which deeds were to be deposited in escrow to be delivered to plaintiff on the failure of the corporation or W. to pay before a certain date. On failure to make payment, the deeds were delivered to plaintiff and duly recorded. The corporation and W. refusing to deliver possession of the land, plaintiff brought trespass to try title. *Held*, that plaintiff had not lost his rights as holder of the superior title and was entitled to the land, there being no testimony that the corporation or W. had ever tendered the amount due or that the corporation was able to pay it.

4. VENDOR AND PURCHASER ⊗═265(1)—SUBSEQUENT PURCHASER—NOTICE OF RIGHTS OF VENDOR.

The company, having purchased the purchaser's equity in the land, was chargeable with notice of the vendor's title and rights.

### On Motion for Rehearing.

5. APPEAL AND ERROR ⊗═212 — "CHARGE" — WAIVER.

A peremptory instruction is a "charge" within the meaning of the statute (Rev. St. art. 1971, as amended by Acts 33d Leg. c. 59, § 3), requiring objections to be made before the charge goes to the jury, and a failure to object thereto constitutes a waiver of error.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Charge.]

6. APPEAL AND ERROR ⊗═724(1) — REVIEW — FUNDAMENTAL ERROR.

If the doctrine of fundamental error can be invoked to avoid the requirements of the statute, an assignment which requires a study of the statement of facts does not present a question of fundamental error.

7. VENDOR AND PURCHASER ⊗═270 — LIEN — ENFORCEMENT—RECOVERY OF LAND.

In trespass to try title, plaintiff vendor, who had retained superior title to the land and elect-

ed to recover it, was entitled to recover where purchase-money notes, though past due, had not been paid; there being no equities entitling defendant to tender purchase money and demand specific performance.

8. VENDOR AND PURCHASER ⨠299(3) — REMEDY OF VENDOR—PLEADING—VARIANCE.

In trespass to try title, that plaintiff vendor pleaded an unauthorized deed in rescission of contract would not prevent recovery upon a good title pleaded by him and admitted by defendant.

9. VENDOR AND PURCHASER ⨠102, 299(3) — NOTICE OF INTENTION TO RESCIND.

Trespass to try title is a rescission in itself, and, while notice of intention to rescind might be important with respect to the right to redeem, it is unimportant so far as pleading title is concerned.

10. VENDOR AND PURCHASER ⨠299(3) — RESCISSION BY VENDOR—PLEADING.

In the absence of exception, plaintiff's averment that he placed on record an instrument purporting to be a contract of rescission would be sufficient allegation of rescission.

11. PLEADING ⨠34(1) — INTENTION OF PLEADER.

The intention of the pleader could not alter the legal effect of the facts alleged.

12. PLEADING ⨠376 — FACTS ADMITTED — NECESSITY OF PROOF.

In trespass to try title it was wholly unnecessary for plaintiff to introduce evidence of facts pleaded by both sides.

13. PLEADING ⨠10—ALLEGATIONS OF LEGAL EFFECT.

In trespass to try title, plaintiff having pleaded the facts fully, it was unnecessary to state the legal effect thereof.

Error from District Court, Bexar County; W. F. Ezell, Judge.

Suit by J. M. Nix against J. P. Withers and others. Judgment for plaintiff, and the Rockhill Country Club Company brings error. Affirmed.

Noah Allen, J. F. Carl, P. H. Swearingen, Jr., and G. G. Clifton, all of San Antonio, for plaintiff in error. Don A. Bliss, of San Antonio, for defendants in error.

MOURSUND, J. This suit was instituted by J. M. Nix in the form of an action in trespass to try title, seeking to recover 753.5 acres of land from J. P. Withers, Tom Finucane and wife, Rock Hill Country Club Company, a corporation, hereinafter referred to as the company, and other parties, who disclaimed, and who need not be further mentioned. Nix sued out a writ of sequestration, which was levied upon the land, and he replevied the land. Withers and Finucane and wife answered by general exceptions and plea of not guilty.

The company filed a cross-action against Nix and one Blandin, Nix's tenant, alleging in substance that the land in controversy was part of a tract of 1,053.5 acres conveyed by Nix to Withers for $85,000, of which $15,000 was paid in cash and notes executed for the remainder; that all notes had been paid except two for $20,000 each, due respectively July 1, 1912, and 1913; that on or about August 15, 1913, Withers sold said land to the company for $150 per acre and was paid therefor $66,000, and said company took said land subject to the existing indebtedness against it of $40,000; that the company purchased the land for the purposes of its organization, and large sums of money were expended in the improvement thereof; that it would be inequitable to permit plaintiff to recover the land; that the company was ready and willing to pay and offered to pay, such sum as the court might find to be due to plaintiff as the balance of the purchase money for which plaintiff held and holds a vendor's lien against the same; that this defendant is not advised and informed as to the exact amount due. The company also sought to recover of Nix and Blandin damages on account of waste and the value of the use of the land.

Nix and Blandin denied the commission of any waste, and denied the right of the company to recover damages, or to redeem the land. They also specially pleaded the facts relating to the sale of the land to Withers by Nix and the conveyance thereof by deed expressly reserving the vendor's lien, and alleged that, upon the failure of Withers to pay the balance of the purchase money due, Nix, on November 20, 1912, filed suit against Withers for the balance due and for foreclosure of lien; that on March 2, 1914, an agreement of settlement of said suit was made, which was reduced to writing and executed by Nix and the company (which had purchased the land from Withers during the pendency of the suit), by the terms of which agreement Withers and the company were to execute deeds conveying to Nix the land in controversy, which deeds were to be deposited in escrow in the State Bank & Trust Company, to be ultimately delivered to Nix upon the failure of the company or Withers to pay said State Bank & Trust Company for the account of Nix on or before December 1, 1914, the sum of $48,077 with interest thereon at the rate of 8 per cent. per annum from the date of the agreement; that it was further stipulated that if the amount was paid by December 1, 1914, the deeds were to be returned to them and the notes held by Nix canceled and the lien released; that the amount had not been paid, although an extension had been granted by Nix to January 1, 1915, and thereupon, in accordance with the agreement, the State Bank & Trust Company delivered to Nix the said deeds and to Withers the notes duly canceled; and that, the company and Withers having refused to deliver to him possession of said land, Nix brought this suit and sued out writ of sequestration.

The company replied with a verified plea, in substance, that it never executed said agreement, but that the same was executed in its name by Withers without any authority from it.

In obedience to the instruction of the court, a verdict was returned that Nix recover of the company, Withers, and Finucane and wife the land in controversy, and that the company take nothing by reason of its cross-action. Judgment was entered in accordance with the verdict, from which the company alone prosecutes this writ of error.

[1, 2] The record fails to disclose any objections to the giving of the peremptory instruction, or that the charges requested by the company were tendered at the proper time and the refusal thereof excepted to. Owing to this condition of the record, the company is in no position to complain of the verdict and judgment, and, as all assignments relate to the sufficiency of the evidence to support the verdict and judgment, they must be overruled. This court has heretofore held, and is still of the opinion, that the giving or refusal of a peremptory instruction does not raise a question of fundamental error. Strong v. Harwell, 185 S. W. 676; McCall v. Roemer, 186 S. W. 409; Land v. Johnson, 189 S. W. 337; Pearce v. Knights & Ladies of Honor, 190 S. W. 1156.

[3] As the Supreme Court has granted a writ of error because of conflict upon the question whether article 1971, R. S., as amended by Laws of 33d Leg. p. 113, applies to a peremptory instruction, and has not passed upon the question, we deem it proper to say that, if objections had been properly urged to the giving of the peremptory instruction, we would overrule the assignments of error, for we are of the opinion that the court was correct in his ruling.

The facts, briefly stated, are as follows: The 1,053.5-acre tract, of which the land in controversy is a portion, was conveyed by Nix to Withers on February 15, 1910, for $85,000, of which $15,000 was paid cash, and afterwards notes aggregating $30,000 were paid, and Nix on August 22, 1911, released to Withers and Masterson, who had become interested with Withers, 300 acres lying nearest to the city of San Antonio; the vendor's lien expressly retained in the deed remaining in full force against the remaining 753.5 acres to secure the payment of two notes for $20,-000 each, due on the 1st day of July, 1912 and 1913. These notes were not paid when due, and on November 20, 1912, Nix, who then owned the notes, sued Withers, and perhaps Masterson, to recover upon said notes and to foreclose the vendor's lien. On August 12, 1913, the charter of Rock Hill Country Club Company was filed in the office of the Secretary of State. On the same date, Withers conveyed to H. C. King, Jr., as trustee for said corporation, 3,019.09 acres of land, and on August 13, 1913, said King, joined by Withers, conveyed said 3,019.09 acres of land to the corporation. The 1,053.5-acre tract above referred to constituted a part of said 3,019.09 acres, and it was stipulated that the "741-acre tract," out of said 1,053.5-acre

tract, covered by liens in favor of Nix, was conveyed subject to the lien, and the company was to hold Withers harmless with reference thereto. On March 2, 1914, an agreement was made in writing between Nix and Withers and the company, in settlement of the suit then pending, which agreement has hereinbefore been described in stating the substance of plaintiff's supplemental petition. The suit was thereupon dismissed. Withers and the company failed to pay the balance of the purchase money on December 1, 1914, as provided in said agreement, and the time was extended to January 1, 1915. They again failed to make payment, whereupon the deeds were delivered as pleaded by plaintiff and duly recorded. Nix filed this suit on January 26, 1915. The case was tried on January 18, 1916. Evidence was introduced tending to show that the company had expended a large sum in preparing the land for the purposes for which the company was chartered. The board of directors consisted of Withers, H. C. King, Jr., S. A. Hopkins, J. H. Savage, and Harvey L. Paige. Hopkins and Savage did not testify. Paige had no recollection of the matter of the settlement agreement ever being discussed by the board of directors, and disclaimed any knowledge thereof prior to the filing of this suit. He admitted knowledge of Nix's lien. King, who was the secretary of the company, did not recall whether the board of directors ever held a meeting to consider the settlement before or after the execution of the deed. He attested the deed as secretary and knew it was in settlement of the litigation. Withers testified, in substance, that the settlement was not authorized or ratified by the board of directors. Withers testified that for the two years preceding the trial there had "been no money to get"; that his friends had been exhausted; that he had gotten about all the money from them they could put up; that in his opinion the land was worth $150 an acre, but he would not say that it would sell for that; that no one could tell what the land would have sold for; that nothing had had any market value in two years, and he would not undertake to say what the land in controversy would have sold for; that he would never have undertaken to sell the land, because no one would buy it. There was no testimony that the company had ever tendered the amount due Nix, or that it had ever been able to pay it, or that it was able to pay it at the time of the trial.

[4] It must be conceded, we think, that it cannot be held that the evidence conclusively shows authority from the board of directors to make the deed executed by Withers and King, or that their act was ratified by the board of directors. But, taking it for granted that Nix could not recover on the deed, it follows that he could not have lost his rights as the holder of the superior title. Gardener v. Griffith, 93 Tex. 355, 55 S. W. 314; Collett

v. H. & T. C. Ry. Co., 186 S. W. 233; Reyes v. Kingman Imp. Co., 188 S. W. 450. The company was chargeable with notice of his title and his rights when it purchased Withers' equity in the land. If the company is chargeable with notice of the facts coming to the knowledge of its secretary, it had notice of the fact that it had procured a valuable extension by means of an agreement made by its managing officers to rescind the executory contract if it could not pay the debt by December 1, 1914. If it is not chargeable with such notice, then the fact remains that the directors were negligent in not taking steps to acquaint themselves with the situation with respect to the lien against the land, and the company is in no position to invoke the aid of equity to prevent the rescission. In fact, while the prayer of the company was to the effect that it be granted the right to redeem, it does not appear that it was ever able to redeem, or that it ever made any effort to do so, and when the case was tried it sought to procure a peremptory instruction to return a general verdict in its favor. In view of the facts of this case, we believe the company was not entitled to a decree for specific performance of the executory contract, and that the court did not err in instructing the jury to return a verdict in favor of Nix.

The judgment is affirmed.

### On Motion for Rehearing.

[5, 6] We are of the opinion that a peremptory instruction is a charge within the meaning of the statute requiring objections to be made before the charge goes to the jury, and that a failure to object thereto constitutes a waiver of the error, if error there be, in giving the same. If the doctrine of fundamental error can be invoked to avoid the requirements of the statute, an assignment which requires a study of the statement of facts does not, we think, present a question of fundamental error. Houston Oil Co. v. Kimball, 103 Tex. 95, 122 S. W. 533, 124 S. W. 85; Railway v. Maxwell, 104 Tex. 632, 143 S. W. 1147.

Appellant company, upon the theory that its assignments are entitled to consideration, contends that appellee specially pleaded his title and relied solely upon the deed to him by Withers as president of appellant company, and that, as appellee failed to show authority from the board of directors to Withers to make the deed, this court erred in sustaining the peremptory instruction. Its contention is that we should render judgment for it for the land, and it is virtually admitted that it is in no position to demand the right to redeem. We will briefly consider the question whether the pleadings ·are in such condition that appellant should have been awarded a judgment for the land without paying for it.

Appellees' original petition was a formal action of trespass to try title.

Appellant answered by general denial and plea of not guilty, and, by way of further answer and cross-action, alleged the sale by Nix to Withers of the land, the execution and delivery of the vendor's lien notes, and the conveyance of the land by Withers to appellant company subject to the debt due Nix; such allegations disclosing that the notes had matured long prior to the bringing of the suit. It pleaded that it had equities, describing them, which entitled it to redeem the land from the purchase-money debt against it, and averred its willingness to pay the debt. Its prayer, aside from its claim for damages, is that the deed by Withers as president of appellant company be canceled, and that it be allowed to pay the purchase money due on the land. We find no mention of the deed from Withers to Nix in the original answer except in the prayer.

[7, 8] Plaintiff, by supplemental petition, admitted some of the averments of the answer, and ·denied others. His pleading is fully described in our original opinion. Surely the facts pleaded by him showed that he had retained the superior title to the land; that Withers and appellant had refused to pay the notes, though past due; and that he elected to recover the land. These facts entitled him to recover in the absence of equities entitling appellant to tender the purchase money and demand specific performance. Sanders v. Rawlings, 77 S. W. 41; Roosevelt v. Davis, 49 Tex. 464; White v. Cole, 87 Tex. 500, 29 S. W. 759; Buckley v. Runge, 136 S. W. 535. True, he also alleged that the company had conveyed the land to him in rescission of the contract. If this had been established, he could have recovered by virtue of the deed; but, even if the deed was unauthorized, the fact that he pleaded it would not prevent him from recovering upon a good title pleaded by him and admitted by appellant. Therefore, if it be said that by filing a supplemental petition Nix brought himself within the rule applicable to pleading title specially, it is clear that the facts pleaded by him, and admitted by defendant, showed that he held the title to the land, even though the deed from Withers to him was not authorized by the board of directors; and especially is this true in the absence of exceptions, as was suggested by Chief Justice Conner in the case of Berry v. Jagoe, 45 Tex. Civ. App. 6, 100 S. W. 815, when a somewhat similar point was sought to be made with respect to pleading. Appellant apparently is of the opinion that the holder of the superior title would have to formally allege that he had elected to rescind and pray in terms for rescission. In the cases of Roosevelt v. Davis and Sanders v. Rawlings, supra, no such allegation was made, and the pleadings were held sufficient.

[9-12] The suit for the land is a rescission in itself, and, while notice of intention to rescind might be important with respect to the right to redeem, it is unimportant so

far as pleading title is concerned. If it were necessary to formally allege that plaintiff had elected to rescind, it occurs to us that, in the absence of exception, plaintiff's averment that he placed on record an instrument purporting to be a contract of rescission by the company would be sufficient allegation of rescission. Appellant calls attention to the fact that the deed from Nix to Withers and the vendor's lien notes were not introduced in evidence as a fact showing that appellant did not depend on the superior title, but solely on the deed reconveying the land to him. The intention of the pleader could not alter the legal effect of the facts alleged, but we fail to see any evidence of intention to rely solely on the deed. It was wholly unnecessary to introduce evidence of facts pleaded by both sides. It furthermore appears that Nix introduced the deed by Mary Gleason to him for the land, and thereupon "it was agreed by both parties that J. M. Nix originally owned the land and that the lien was retained in the deed to Withers." Evidently such agreement was considered sufficient to obviate the necessity of introducing the deed in evidence. In addition, the facts are shown by recitals in other instruments and testimony of witnesses introduced without objection.

[13] Appellee Nix pleaded the facts fully, and it was not necessary to state the legal effect thereof. The facts showed that he was entitled to recover the land unless the company proved equities entitling it to enforce specific performance, despite its default. The company abandoned its plea of right to redeem, and sought to obtain a judgment for the land upon the theory that Nix under his pleadings could only stand upon the deed by Withers as president of the company reconveying the land to Nix. Appellant's theory is erroneous. It is not entitled to recover the land.

The motion for rehearing is overruled.