**BEASON v. WILLIAMS et al. (No. 7978.)**

(Court of Civil Appeals of Texas. Galveston. March 4, 1921. Rehearing Denied March 24, 1921.)

**1. Landlord and tenant ⟀66(2)—Tenant estopped to deny landlord's title.**

Tenant, who enters on land by virtue of the demise of his landlord, is estopped from denying the title of his landlord and, never having repudiated his title, cannot acquire as against the landlord title by adverse possession.

**2. Trespass to try title ⟀35(2)—Under general denial landlord may assert estoppel of tenant to deny title.**

In trespass to try title, a legal or equitable estoppel may be proved under the general denial without being specially pleaded; consequently, where plaintiff relied upon title by limitation, offering much evidence in support thereof, it was competent for defendants to show that he in fact entered as their tenant and that his possession therefore was not adverse.

**3. Trespass to try title ⟀13—As against trespasser possession need not have been continuous up to unlawful entry.**

To support a recovery against a mere trespasser, the possession need not have been continuous up to and concurrent with the unlawful entry.

**4. Adverse possession ⟀44—Failure to occupy agricultural land for one year not abandonment breaking continuity of possession.**

Where the land which was agricultural was allowed to lie idle one year, that fact did not constitute an abandonment which would preclude previous possessors from relying on their possession as against one entering wholly without title.

Appeal from District Court, Anderson County; John S. Prince, Judge.

Trespass to try title by Charles Beason against Carey Ann Williams and others and certain unknown heirs, in which the defendants, other than the unknown heirs, filed a cross-action. From a judgment in favor of defendants on their cross-action, plaintiff having taken a nonsuit as to the main action, appeals. Affirmed.

Seagler & Pickett, of Palestine, for appellant.

Johnson & Gregg, of Palestine, for appellees.

GRAVES, J. Appellant sued the appellees and certain unknown heirs in trespass to try title to recover a tract of 104 acres of land out of the J. W. Bryan one-fourth league in Anderson county, Tex., known as the Conaway land. All the defendants answered with pleas of not guilty and general denial, and in addition the appellees in this court, that is, all those so sued below except the unknown heirs, filed a cross-action in trespass to try title against all the other parties, in which they alleged themselves to be the owners of the land under conveyances from James Conaway, Sr., as well as a verbal partition between his heirs, by virtue of a prior possession, and under the 10-year statute of limitation.

Appellant answered this cross-action by pleas of not guilty and of title in himself by limitation of 10 years.

On the day of the trial before the court without a jury, appellant took a nonsuit as to his main action and defended through his plea of limitation against the cross-bill of the appellees, upon which the cause was heard.

From a judgment for the title and possession of the land in favor of the appellees against all the other parties to the proceeding, the appellant alone appeals.

By mutual concession neither side had record title to the land, the cause turning therefore upon the rival claims to it by possession and limitation.

Appellant insists that he made out a clear title through more than 10 years of independent occupancy for himself, while the appellees contend that they not only had a prior possession of the tract upon which appellant entered without adverse or individual right, but that his entry thereon was as their tenant, and that, having never notified them of any adverse character of his possession, he was estopped to deny their title.

The trial court at appellant's request filed these findings of fact and conclusions of law:

"I find the land in controversy is patented land. The Conaways were in the possession of same, that is, that the defendants were in possession of the land in the fifties, and perhaps earlier, and remained on the land until 1865, when the widow of Dick Conaway married one Odom and moved off of the land, going to Cherokee county.

"I find that the plaintiff, Charlie Beason, went on the land under Mr. Dan Hassell, agent for the Conaways, and paid rent to him for one or two years.

"That another tenant, Zack Lacy, occupied land one or two years as a tenant of Dan Hassell, as agent for the Conaways.

"And I further find that a second contract was made with plaintiff, Charlie Beason, by which he occupied the land for three years under a contract to fence the same for the use of the same for three years, as the agent of the Conaways, and that he has been on said land continuously from that date to this, but that he has paid no rent since about 1905.

"Conclusions of Law.

"I conclude that his possession and limitation thereunder inure to the benefit of Dick Conaway's heirs, the defendants, and that they are entitled to recover the land on their pleas of limitation for ten years, as against defendants cited by publication, and as against the plaintiff, he being a tenant and had never repudiated their title he cannot recover in this case."

Appellant attacks these conclusions of both fact and law, and the judgment based thereon: First, as not being supported by the pleadings of the appellees in that they did not plead estoppel of a tenant to deny his landlord's title; second, as being without proof to sustain them, since there was no evidence that he was a tenant of the appellees; and third, as having no proper predicate because the appellees could only recover the land upon the strength of their own title,

in which they had failed, since the prior possession of it by their ancestors was not only not concurrent with his but had been abandoned many years before appellant's entry thereon.

[1, 2] We conclude that no one of these contentions can be sustained; an examination of the statement of facts discloses that there was sufficient basis for the court's finding that appellant entered upon the land originally and remained there as the tenant of the appellees, paying rent as late as 1905. Nor, in the circumstances presented, were the appellees precluded from relying upon the principle of estoppel of a tenant to deny the title of his landlord because they had not specifically pleaded the fact of tenancy; appellant here relied upon the affirmative plea of title by ten years limitation, offering much evidence to sustain it, and we think it was entirely competent for the appellees, as defensive matter upon that issue, to show that he in fact had entered as their tenant, and consequently that his possession was not adverse, and his defense had failed. Dooley v. Montgomery, 72 Tex. 429, 10 S. W. 451, 2 L. R. A. 715; Johnson v. Byler, 38 Tex. 606; Mayer v. Ramsey, 46 Tex. 371.

While the cases cited do not specifically determine the precise point involved in this case, they do pronounce the general rule which clearly includes it, that, in trespass to try title, either a legal or an equitable estoppel may be proved under the general denial without being specially pleaded. This seems also to have been the view of the Court of Civil Appeals of the Second District in Hyman v. Grant, 50 Tex. Civ. App. 37, 114 S. W. 853, in which estoppel of a tenant to deny his landlord's title had been raised, where this language was used:

"To this general rule an exception perhaps exists where, as here, the fact is not in the nature of one in confession and avoidance alone, but one which goes to disprove the adverse possession alleged, and which therefore would be admissible under the general denial. See Berry v. Jagoe, 45 Tex. Civ. App. 6 [100 S. W. 815]."

The declaration was not necessary to the decision, but in our opinion it embodies the correct rule in such cases.

While the court below did not state a conclusion upon the issue of prior possession by the appellees, we think there was a basis in the evidence for one, and that the judgment in their favor might have been rested upon that ground also.

[3] We do not understand the authorities to hold that prior possession, to support a recovery against a mere trespasser, must necessarily have been "continuous up to and concurrent with the alleged unlawful entry."

[4] Under the evidence here—indeed, appellant's own testimony—this land being agricultural and in cultivation, was only allowed to lie idle one year before his last

entry thereon; this would not constitute abandonment of nor prevent appellees from still relying upon their prior possession of it, even if the appellant had not been found to have then entered as their tenant. Teagarden v. Patten, 48 Tex. Civ. App. 571, 107 S. W. 909; Boyd v. Miller, 22 Tex. Civ. App. 165, 54 S. W. 411; Robinson v. Randell, 211 S. W. 625. See, also, House v. Reavis, 89 Tex. 626, 35 S. W. 1063.

These conclusions require the overruling of all assignments and an affirmance of the trial court's judgment; it has been so ordered.

Affirmed.

