James T. SEDDON et al., Appellants,

v.

B. Mark HARRISON, Appellee.

No. 14003.

Court of Civil Appeals of Texas.

Houston.

April 25, 1963.

Rehearing Denied May 23, 1963.

Hay, Kirk, Van Keuren & Baggett, Russell T. Van Keuren, Houston, for appellants.

Markwell, Stubbs, Decker & Dalehite, Henry G. Dalehit, Jr., Galveston, for appellee.

WERLEIN, Justice.

The opinion of this Court handed down March 21, 1963 is, on rehearing, withdrawn and the following opinion is substituted therefor.

James T. Seddon and H. M. Boyd brought this suit in the form of an action in trespass-to-try title. The property involved is 5-acre Lot 2 in Block 28 of San Leon Farm Home Tracts out of the Amos Edwards League in Galveston County, Texas. At the conclusion of appellants' evidence, the trial court granted appellee's motion for an instructed verdict and rendered judgment in his favor.

In appellants' chain of title is a deed dated September 5, 1912 from Eagle Land Company to Joe H. Eagle conveying property described as follows:

"Lying and being situated in Galveston County, Texas, and being a part of the Amos Edwards league of land with its excess and being all of the property conveyed by Joe H. Eagle to Eagle Land Company on the 23rd day of April, A.D. 1910, by deed recorded in Volume 241 pages 613 to 628, inclusive, of the Deed Records of Galveston County, Texas, saving and excepting such portions thereof as Eagle Land Company has since deeded to other persons as shown by the Deed Records of Galveston County, Texas * * *"

 Appellants neither proved nor attempted to prove what lots had been sold by Eagle Land Company or which lots remained unsold by such company on September 5, 1912, and hence failed to establish record title to the lot in question. The applicable rule is stated in Mills v. Pitts, Tex.Sup.1932, 121 Tex. 196, 48 S.W.2d 941, 84 A.L.R. 319, as follows:

"Since a plaintiff in trespass to try title must recover on the strength of his own title, he can never recover by merely showing a claim under deeds to those parcels of land which remain unsold by the grantors on particular dates without any proof whatever of the specific parcels of land which were unsold."

See also Ball v. Carroll, 42 Tex.Civ.App. 323, 92 S.W. 1023, writ den.; Brown v. Foster Lumber Co., Tex.Civ.App., 178 S.W. 787, writ ref.; Smith v. United States, 5th Cir. 1946, 153 F.2d 655.

Joe H. Eagle in his conveyance to San Leon Company on September 10, 1912 described the land conveyed as being all of the property conveyed by Eagle Land Company to Joe H. Eagle on the 5th day of September, 1912, thus using the insufficient description of the land as described in the deed from Eagle Land Company to Joe H. Eagle. On March 24, 1920 San Leon Company conveyed the lot in question to Clarence W. Hughes who, on March 29, 1950, conveyed it to appellants. This latter deed and other evidence shows that Clarence W. Hughes was at such time residing in Gila County, Arizona.

 Appellants contend that although they did not show title to the lot in question by reason of their failure to prove which lots had been previously deeded to other persons by Eagle Land Company as shown by the deed records of Galveston County, Texas, they may nevertheless recover on the theory of lost deed or presumption of grant. Actually they did not attempt to introduce any evidence of lost deed or presumption of grant, although they now contend that a fact issue was raised with respect thereto by certain evidence adduced at the trial. We do not agree. We find no evidence in the record that would warrant submission of an issue with respect to a lost deed or presumption of grant. The instant case is factually distinguishable from the cases relied upon by appellants, such as Magee v. Paul, Tex.Sup. 1920, 110 Tex. 470, 221 S.W. 254; Unknown Heirs of Thomas v. Harris County Houston Ship Channel Navigation Dist., Tex.Civ.App.1928, 6 S.W.2d 396, aff'd Masterson v. Harris County Houston Ship Channel Navigation Dist., Tex.Com.App., 15 S.W.2d 1011, 67 A.L.R. 1324; Miller v. Fleming, Tex.Sup., 149 Tex. 368, 233 S.W. 2d 571.

In the present case there is nothing to show from whom appellants might have de-

rived title under a lost deed or presumption of grant. There is no missing link in their chain of title. They introduced in evidence a regular chain of conveyances from the sovereignty of the soil to themselves. The only defect was in the description of the property in the deed from Eagle Land Company to Joe H. Eagle dated September 5, 1912, which defect was carried over in the deed from Joe H. Eagle to San Leon Company dated September 10, 1912. There are no recitals in ancient instruments or in any deed subsequent to September 5, 1912 from which it could be presumed that the deed to Joe H. Eagle included the land in controversy in this suit. There is no showing of any assertion of claim to the land by appellants' grantor, Hughes, to whom the lot was conveyed on March 24, 1920, prior to his deed to appellants on March 29, 1950. There is no showing with respect to payment of taxes on the lot in question. There is no showing of possession or claim to the right of possession of such land prior to appellee's possession of the lot at the time appellants first contacted appellee's wife in 1950 before they purchased the lot in question. There is no evidence showing reputation in the neighborhood as to ownership of such lot.

■ Appellants assert, however, that the fact John S. Akin as Vice President of Eagle Land Company executed the deed from such company to Joe H. Eagle, and later as Vice President and presiding member of San Leon Company, executed the deed from such company to Hughes, is evidence which negatived the fact that the property in question had been "deeded to other persons as shown by the deed records of Galveston County, Texas" prior to September 5, 1912. The San Leon Farm Home Tracts contain hundreds of lots, as shown by the map introduced in evidence. The fact that John S. Akin executed the deed from Eagle Land Company to Joe H. Eagle in 1912 and then executed the deed from San Leon Company to Hughes some eight years thereafter, constitutes no evidence of probative force that the lot in question had

not previously been conveyed or that it was included in the deed from Joe H. Eagle to San Leon Company.

■ Appellants also say that they exercised dominion and control over the property by putting a "For Sale" sign on the lot or fence post giving their name, address and telephone number, after they purchased the property in 1950. We do not consider this circumstance, together with the other circumstances relied upon by appellants, of sufficient probative force to warrant submission of an issue with respect to a lost deed or presumption of grant in appellants' chain of title. Furthermore, it would have been improper to submit such issue had appellee objected, since there was no pleading by appellants of any lost deed or presumption of grant and no mention of any lost deed in appellants' abstract of title as required by Rule 793, Texas Rules of Civil Procedure.

■ Appellants contend that the trial court erred in instructing a verdict against them because they were entitled to recover possession of the lot in question even though their title was not good, since appellee had become their tenant and therefore could not dispute their title and right to possession. Lorino v. Crawford Packing Co., Tex.Sup.1943, 142 Tex. 51, 175 S.W.2d 410; Berry v. Jagoe, 45 Tex.Civ.App. 6, 100 S. W. 815, writ den.; Tyler v. Davis, 61 Tex. 674. In deciding this issue we must view the evidence in the light most favorable to appellants and indulge against the action of the court every inference that may properly be drawn from the evidence. White v. White, 1943, 141 Tex. 328, 172 S.W.2d 295; Texas Employers' Ins. Ass'n v. Boecker, Tex.Civ.App., 53 S.W.2d 327, writ ref.

The evidence shows that when appellants were considering buying the lot in controversy, they met appellee's wife at her home located on Lot 4, Block 28, a few hundred feet from Lot 2 in the same block, and asked her if the cow grazing on the lot was their cow, and if she had any claim to the

lot. She said they were just grazing it, not claiming it. A few days after the lot was deeded to appellants, they asked appellee whether he had any claim on the lot and he told them he wasn't claiming it. Appellant Seddon testified, "I told him he could go ahead and use the property until we decided what we were going to do with it, or words to that effect." Some time later, in 1950 and/or the early part of 1951, appellee expressed an interest in buying the lot and on several occasions had discussions with appellant Seddon with respect thereto, but the parties could not agree upon the price.

At the time appellants first inspected the lot, it, together with Lot 1 adjoining it on the west and Lot 3 adjoining it on the east, was enclosed by a fence, and appellee's cow was grazing on it. Appellee testified his fence was around all four of the lots, and included Lot 4 upon which he resided. The "For Sale" sign which appellants had fastened to a stake on Lot 2 was about 30 inches in length and about 16″ or 18″ wide. When appellant Seddon found it on the ground some two or three weeks later, he nailed it to a fence post on the land where it remained from 1950 to 1955, when appellants undertook to sell the lot.

■ There is no testimony that appellee continued to use the land after being told by Seddon he could use it. Appellants assert, however, that appellee admitted he had possession of the lot by his plea of not guilty, and also in his cross-action which was dismissed without prejudice prior to the selection of the jury. McCormick v. Stowe Lumber Co., Tex.Civ.App., 356 S.W. 2d 450, writ ref., n. r. e.; 24 Tex.Jur.2d 205, Evidence, § 631.

Appellants introduced in evidence without limitation as their Exhibit 1 the following paragraph of such cross-action:

"Cross-plaintiff B. Mark Harrison says that he is and was at the time of the filing of this suit owner of the title and in possession of the above de- scribed tract of land; and he, the said

Cross-plaintiff B. Mark Harrison, alleges that he and those whose title he has and holds have had and held peaceable, continuous and adverse possession of the lands and tenements above described, cultivating, using and enjoying the same for more than ten consecutive years, after Cross-defendants' alleged cause of action, if any, accrued, and before commencement of this suit."

■ We have concluded that appellee's plea of not guilty and the foregoing plea in appellee's abandoned cross-action cannot be construed as an admission by appellee of possession by him of the premises in question from the time in 1950 when appellant Seddon told appellee he could go ahead and use the property. Appellants' suit was not brought until April 16, 1956. The paragraph in the dismissed pleading with respect to possession merely states that appellee is and was at the time of filing the suit in possession of the above described tract of land. Appellee further alleges in such plea that he and those whose title he has and holds have had and held peaceable, continuous and adverse possession of the lands and tenements above described, cultivating, using and enjoying the same for more than ten consecutive years, after cross-defendants' alleged cause of action, if any, accrued, and before commencement of this suit. It will be noted that he and those whose title he holds have had possession. There can be no question that those whose title he held were never tenants of appellants. There is nothing to show during what period appellee himself had possession or that his possession at the time suit was filed extended back to 1950. Moreover, it is our view that appellants cannot accept a part of such plea favorable to them and repudiate another part in the same sentence which is unfavorable to their claim. The rule is set out in 10 R.C.L., p. 1089, Sec. 289, as follows:

"As a general rule documentary evidence is held to be conclusive against

the party introducing it. He may not impeach it, and he will not be permitted to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense. And this applies as well to documents forming a part of a record of a cause as to other documents."

In 24 Tex.Jur.2d 382, 383, Evidence, § 718, it is stated:

"If a party introduces a statement of his adversary in evidence, he is ordinarily bound by it. For example, a party who introduces without limitation a pleading of his adversary will generally be bound thereby."

■ Appellants, therefore, may not accept the statement in such plea that appellee was in possession of the property without also accepting the further statement in the same sentence that such possession is and was adverse. A party who introduces his adversary's pleading without limitation is concluded thereby. Lincoln v. Pohly, Tex.Civ.App.1959, 325 S.W.2d 170, writ ref., n. r. e.; Stancil v. Mills & Exports Co., Tex.Civ.App., 146 S.W.2d 787; Texas & N. O. Ry. Co. v. Patterson & Roberts, Tex.Civ.App., 192 S.W. 585.

In Cotton Belt Gin & Mill Supply, Inc. v. Alltex Precision Co., Tex.Civ.App.1961, 351 S.W.2d 369, it was held that the plaintiff was bound by every statement contained in a letter of cancellation written by the defendant which was introduced in evidence by plaintiff without any limitations or restrictions. See also Horwitz v. Jefferson County Traction Co., Tex.Civ.App., 188 S.W. 26, writ ref.

■ We are not unmindful of the fact that where it is shown that a party was in possession of land, there is a rebuttable presumption or inference that such possession continued. The kind of possession appellee had at the time he was grazing his cow may be presumed to have continued. However, such possession was before the statement made by Seddon giving appellee the right to use the property, and hence such possession and the presumed continuance thereof could not possibly be referable to such statement.

"The relation of landlord and tenant is created by contract, either expressed or implied, by the terms of which one person designated 'tenant' enters into possession of the land under another person known as 'landlord' * * * also, as has been said, 'A tenant is one who occupies the premises of another in subordination to that other's title and with his assent express or implied.' " 16 R.C.L., p. 530.

See also Ft. Worth v. Barlow, Tex.Civ. App., 313 S.W.2d 906, writ ref., n. r. e.; Dolen v. Lobit, Tex.Civ.App., 207 S.W. 143; and City of Tyler v. Ingram, Tex. Sup., 1942, 139 Tex. 600, 164 S.W.2d 516.

■■ There is no evidence in the record before us of any tenancy relationship. When appellant Seddon told appellee he could use the property, appellee made no response whatever. He may or may not have heard what appellant stated. There is no evidence that he accepted appellant's offer and thereupon agreed to become appellants' tenant. He did not indicate by any act or conduct that he was using or would use the land as appellants' tenant. The statements made by appellee and his wife that they were not claiming the land were made before appellant's statement that appellee could go ahead and use the property, and hence cannot possibly be construed as evidence that appellee intended to accept any offer of tenancy by appellants. The fact that appellee made several efforts to buy the lot in controversy and thereby recognized that appellants were the owners thereof, is not sufficient to establish a landlord and tenant relationship. Victory v. Stroud, 15 Tex. 373; Berry v. Jagoe, 45 Tex.Civ. App. 6, 100 S.W. 815, writ den. The fact that appellants maintained a large "For Sale" sign on the property constitutes no

evidence of probative force of a tenancy relationship between the parties.

We have concluded that there is no evidence of probative force that any relationship of landlord and tenant existed between appellants and appellee.

Judgment of the trial court is affirmed.