## S. A. REAVIS ET AL. V. L. A. BLACKSHEAR.

Where a note was given for the hire of a slave, due 1st January, 1865, "to be paid in the currency of the Confederate States, if then paid, with *ten per cent.* interest after maturity," the note was void.

APPEAL from Leon.  The case was tried before Hon. ROBERT S. GOULD, one of the district judges.  .

As the decision turned upon the principle that the contract was itself a nullity, the history given by the court is deemed sufficient.

*W. D. Wood,* for plaintiff in error.

No brief for the defendant in error has been furnished to the *Reporter.*

MORRILL, C. J.—Suit was brought on the following note: " On the first day of January, 1865, we, or either of us, promise to pay L. A. Blackshear (administrator of the estate of J. A. Blackshear, deceased) $200, value received, for hire of servant Norry.  We also agree to give said girl two summer suits of clothes and a winter suit, consisting of a dress, underskirt, under-garments, sack, two pairs of shoes, and a blanket or quilt, pay doctor's bills, taxes, &c.; to be paid in the currency of the Confederate States, if then paid, and ten per pent. interest after maturity, March 5, 1864.                                   S. A. REAVIS,
                                                                WM. REAVIS,
                                                                ALEX. PATRICK."

On the trial of the cause various exceptions were taken. The jury found for the payee of the note the amount called for in dollars therein, and judgment was ordered on the verdict.

The errors assigned are, that the court erred in not permitting the makers of the note to prove the value of confederate money and in not granting a new trial.

xxx—48

We deem it unnecessary to examine in detail the several rulings of the court. The cases of Smith v. Smith and McCartney v. Greenway,* decided by this court at the last term at Austin, are decisive of this case.

For the reasons stated in these cases the judgment is reversed, and cause

                                                          DISMISSED.

---

*For some reason these cases were ordered not to be printed, but this reference renders this publication necessary.

McCARTNEY v. GREENWAY.

"MORRILL, C. J.—The question for adjudication in this case is, whether an action can be sustained on a note, the consideration of which was confederate money. We historically, and therefore judicially, know that confederate money was the promise of the Confederate States to pay a specified amount at a designated time, after a treaty of peace between the Confederate States and the United States, and was the principal, if not the only circulating medium used by said Confederate States in carrying on the war of rebellion against the United States. It did not on its face purport to be of any value unless the rebellion against the United States should prove to be successful, and therefore, in one sense, it might be regarded as promises to pay in aid of treason against the United States. Every person who passed or received it did so with a free knowledge of what it was, and virtually connived at the object for which it was made and put into circulation, and no one could plead ignorance or innocence who had ability to read or sufficient intelligence to understand the plainest proposition. Such are the facts of the case. A principle of law which can be found in any elementary treatise is, that where a consideration is altogether illegal, it is insufficient to sustain a promise, and the agreement is wholly void. (1 Pars. on Cont., 382.)

"Courts will never lend their aid for the furtherance of what is condemned by the policy of the state of which they are a part, whether the object sought by the suitor be *mala prohibita* or *mala in se.* Instances and examples illustrative may be found in the reports of almost every state, and we refer to the case of Smith v. Smith, this day decided, for further authorities. This court will never lend its aid to assist any one in the enforcement of an illegal, much less a treasonable executory contract, or the recision of one executed tainted with the same crime. The judgment is reversed and the case dismissed."

The case of Smith v. Smith was upon different facts, but ruled the same principle.