## EDWARD THOMPSON, ADM'R DE BONIS NON V. FORBES J. HOUSTON.

A note payable twelve months after a treaty of peace between the Confederate States and the United States cannot be recovered upon the simple averment that it is due and has not been paid. (Shaw v. Trunsler, 30 Tex., 390.)

Courts judicially know the public statutes and general laws and customs of their own country.

APPEAL from Leon. The case was tried before Hon. N. H. DAVIS, one of the district judges.

The plaintiff declared on a note in these words:

"Twelve months after the conclusion of a treaty of peace between the Confederate States and the United States, for value received, I promise to pay Michael McCrate one hundred and fifty dollars, with ten per cent. per annum from date till paid.

"LEON COUNTY, TEXAS, *March* 28, 1864.

"FORBES J. HOUSTON."

And he declared that "the same had long since been due and unpaid," &c. The court sustained a special exception to the petition, and gave judgment to the defendant. Plaintiff appealed.

*W. D. Wood,* for appellant, argued that a "treaty of peace" meant the cessation of hostilities and the restoration of peace; that the promise to pay was absolute, and the contingency susceptible of a possible interpretation. (2 Pars. on Cont., 4th ed., 500, and notes.)

*Forbes J. Houston,* for himself, insisted that the note was a kind of gambling consideration, and the payment depended upon a contingency, without the happening of which the note would never be due.

MORRILL, C. J.—Suit founded on an instrument calling

for $150, payable twelve months after a treaty of peace between the Confederate States and the United States.

There is no distinct allegation that the treaty has been made, except inferentially by the charge of non-payment, though the time for payment had long since passed.

The defendant's answer puts in issue the existence of the transaction upon which the payment depended.

Courts judicially know the public statutes and general laws and customs of their own country. (1 Greenl. on Ev., § 5.)

We know of no such treaty as the one referred to; at least no such treaty has been made public. Had the plaintiff averred in his petition the time when such treaty was made, and proved the truth of the allegation, and had it appeared that twelve months had elapsed since the treaty and before the suit was instituted, he would have shown a cause of action upon which the district court could have pronounced a judgment.

The exceptions to the petition were well taken, and the district court did not err in sustaining it.

JUDGMENT AFFIRMED.