### SAMUEL FOX v. W. B. WOODS.

A judgment enforcing a written contract which showed on its face that the consideration was Confederate money was wholly void ; and it was not error to enjoin execution of such a judgment, notwithstanding that no defense was set up to the action wherein it was rendered, and the injunction was not sued out until more than a year after its rendition.

APPEAL from Montgomery. Tried below before the Hon. James Masterson.

This litigation arose upon the following instrument :

" Oct. 9th, 1863. I this day sold to Samuel Fox ten bales of Green M. Woods' cotton, to be baled by Green M. Woods, at 35 cents per pound. I also received 1000 dollars in Confederate money on the said cotton, the balance to be paid by Fox when the cotton is ginned and weighed.

           (Signed)      " WM. B. WOODS."

In the county court, as organized under the Constitution of 1866, Fox brought suit upon this instrument, in April, 1867, alleging that four bales of the cotton, worth five hundred dollars, had never been delivered, and alleging that on the twenty-seventh of June, 1864, he had paid Woods $700 of the purchase money, which appeared by the receipt of the latter indorsed upon the instrument. The written instrument was made part of Fox's petition in the county court, and Green M. Woods was made a co-defendant with W. B. Woods in that suit. At the December term, 1867, of the county court, there was judgment by default in favor of Fox, and a writ of inquiry executed by a jury, who assessed his damages at five hundred dollars, and he had judgment therefor against W. B. and Green M. Woods.

It was for the perpetual injunction of this judgment that the present suit was instituted in the district court in May, 1870, by W. B. Woods alone. He alleged in his petition that the judgment

was absolutely void, because rendered on a written instrument which showed on its face a Confederate money consideration. By way of accounting for his omission to enter a defense to the original suit, he alleged that he was only a surety for G. M. Woods, whose promises to defend the suit he relied upon.

The district court perpetuated the injunction, and Fox appealed.

*Charles Jones*, for the appellant, presented his points clearly and succinctly, with authorities in support of them; so that space is made here for such of them as are of most frequent recurrence.

II. The petition for injunction showed on its face that more than two years had elapsed after rendition of the judgment sought to be enjoined; and by the statutes no injunction could be granted after one year unless certain causes of delay were sworn to, etc. (Paschal's Digest, article 3931; Pillow v. Thompson, 20 Texas R., 208; Henderson v. Morrill, 12 Texas, 3.)

"If the cause exist at the rendition of the judgment, and an injunction be obtained after, (one year) it should 'be dismissed,' unless the party bring himself within one of the exceptions." (Doss v. Miller, 6 Texas, 340.)

Having had actual notice of the pendency of the former suit, the defendant (applicant for injunction) was bound, not only to defend, if any defense he had, but to inform himself of the result of the suit. (Cayce v. Powell, 20 Texas, 771.)

Remedies must be sought in due time, or the delay explained. Plaintiff alleged no reason for his negligence, except that his co-defendant promised to defend. (See Musgrove v. Chambers, 12 Texas, 32.)

Where there is an ordinary remedy, an extraordinary one will not be allowed. (Windish v. Gusset, 30 Texas, 744; Davis v. Tileston, 6 Texas, 114; Hendrickson v. Hinkley, 17 Howard, 443; Sample v. Barnes, 14 Howard, 70; Maxwell v. Kennedy, 8 Howard, 210; Huff v. Hutchinson, 14 Howard, 586.)

III. If the application had been made in the year required by the statute, it was wholly insufficient; because it is an established rule to grant no relief by injunction, when the defense could have been full and complete in a trial at law. (Prewett v. Perry, 6 Texas, 262; Bullard v. Rogers, Dallam, 460; Simpson v. Hart, Johns. Ch., 1 vol., 98.)

A party cannot relieve himself from his own negligence by resort to injunction. (Barker v. Elkins, 1 Johns. Ch., 467, and authorities cited; Dodge v. Strong, 2 Johns. Ch., 228; Crawford v. Wingfield, 25 Texas, 414; Earl of Oxford Case, Leading Cases in Equity, vol. 2, part 2, 107, and authorities cited; same vol., at page 89.)

The allegations in the petition would not have been sufficient to entitle the applicant to a new trial at the time, and fail to show any reason for delay. As to new trials see Goss v. McClaren, 17 Texas, 107; Caperton v. Wanslow, 18 Texas, 125; Burnley v. Rice, Adams & Co., 21 Texas, 171; and authorities generally.

Application for injunction must show that all legal remedies at law have been exhausted, or good reason shown for not having made legal defenses, and negligence will not be relieved against. (Foster v. Moore, 6 Johns. Ch., 89; Fletcher v. Rapp, Smedes & Marshal Ch., 374, quoted in Leading Cases in Equity, vol. 2, part 2, 100; Matson v. Field, 10 Missouri, 100; Smith v. Lowry, 1 Johns. Ch. 320; Duncan v. Lyon, 3 Johns. Ch., 351; Stinnett v. The Br. Bank of Mobile, 9 Alabama, 121.)

The petition does not set forth a single ground for equitable relief. It neither alleges fraud, mistake, accident, or that the pretended defense would not have been available at the first trial; and does not even offer to do equity. Therefore the injunction should have been dissolved. (See all the authorities before cited; especially see Cayce v. Powell, 20 Texas, 768; Mills v. Alexander, 21 Texas, 154.)

IV. The consideration of the original contract was not illegal or void. (Kelley v. Christman, from Mississippi, 1 Am. Law Review, 398; Keppell's administrator v. Petersburg R. R., by C. J. Chase, 3 Am. Law Review, 389, 393.) Confederate money was a commodity, and had a purchasing power—a value. (Ibid 393; Phillips v. Hooker, referred to in Am. Law Review, vol. 2, 358; Thorington v. Smith, 9 Wallace.)

V. If it was an illegal consideration, the opportunity to have it so adjudged was wholly neglected, and the illegality, if any, was merged in a good judgment. It is generally, if not always, necessary to plead illegality of consideration, and on failure to do so one cannot object to the judgment on that account.

As to whether illegality of consideration was available under general issue, or must be pleaded specially, see Chitty on Pleading, vol. 1, 476, *et seq.*; Smith's Leading Cases, vol. 1, 5 Am. Ed.; Collins v. Blantun, top 104.) Judgments, contracts of record, cannot be impugned by the parties by pleading, or in any way except by proper application to the court rendering the judgment. (Chitty on Contracts, 3.) If the judgment in the county court was regularly rendered, after due notice, by a court having jurisdiction it is conclusive as to everything pertaining to that cause of action, and the original cause of action was merged in the judgment; and if executory, the judgment executed it. (Hopkins v. Lee, 6 Wheaton, 109; Bank of U. S. v. Beverly, 1 Howard, 134. For merger, see Bohanan v. Hans, 26 Texas, 445, where judgment was adjudged to preclude all inquiry in the illegality of original contract; Mills v. Alexander, 21 Texas, 154; Cherry v. Speight, 28 Texas, 503.)

*Abercrombie & Banton*, for the appellee.

Ogden, J.—The appellant obtained judgment in the county court against the appellee on a receipt given for $1000 in Confederate money. Appellee sued out an injunction from the district

xxxiv—14

court to restrain the collection of the judgment, and on a final hearing the injunction was perpetuated, and by an order of the court appellant was forever restrained from collecting the judgment, or any part thereof. The judgment enjoined was rendered upon a receipt for Confederate money. The consideration was therefore illegal and against public policy; and the judgment rendered on the same wholly and totally void. (Pridgen v. Smith, 31 Texas, 171; Goodman v. McGee, 31 Texas, 252; Thompson v. Houston, 31 Texas, 610; Reavis, et al., v. Blackshear, 30 Texas, 753.) The judgment of the court perpetuating the injunction was according to law and is affirmed.

Affirmed.