## HOUSTON LIGHTING & POWER CO. v. JENKINS. (No. 7211.)

Court of Civil Appeals of Texas. Austin.

April 11, 1928.

**1. Venue ⬤⇒5(5), 7—Action for damages to trees in constructing power line held for breach of written contract to pay damages, not for damages to realty within venue statute (Rev. St. 1925, art. 1995, subds. 5, 14).**

Petition alleging that defendant electric company destroyed and injured trees on plaintiff's property in constructing power line and refused to pay damages as it had agreed to do in written contract giving it an easement or right of way over plaintiff's lands *held* to state a cause of action for breach of contract to pay damages under Rev. St. 1925, art. 1995, subd. 5, requiring trial in county of defendant's domicile in absence of contrary agreement, and not tort action for damages to realty within subdivision 14, required to be brought where land is situated.

**2. Appeal and error ⬤⇒719(1), 1078(1)—Error not assigned nor briefed will be deemed waived unless fundamental error is presented.**

Where defendant did not assign error to order overruling its plea of privilege nor brief case with regard to that plea, it will be *held* to have waived plea unless fundamental error apparent of record and of which appellate court

must take cognizance without assignment of error is presented.

**3. Constitutional law** ⬡⟹249—**Corporations** ⬡⟹500—**Statute authorizing suits against private corporations in any county in which cause of action arose held void as denying equal protection of laws (Rev. St. 1925, art. 1995, subd. 23; Const. U. S. Amend. 14).**

Rev. St. 1925, art. 1995, subd. 23, authorizing suits against private corporations in any county in which cause of action or part thereof arose, *held* void under Const. U. S. Amend. 14, as arbitrary and discriminatory between individual citizens and private corporations and as depriving latter of equal protection of laws.

**4. Appeal and error** ⬡⟹170(2), 719(1)—**Judgment based on void statute presents question of fundamental error cognizable by appellate court, without pleading unconstitutionality or assignment of error.**

Where a statute is void as to all persons and for all purposes, and record shows that it furnishes only basis for right asserted and necessarily invades the other party's rights, judgment based thereon is void, and fundamental error apparent of record is presented, of which appellate court must take cognizance without constitutionality of statute having been pleaded and without assignment of error.

Appeal from Bexar County Court; McCollum Burnett, Judge.

Action by Amanda V. Jenkins against the Houston Lighting & Power Company. From an order overruling its plea of privilege, defendant appeals. Reversed and remanded, with instructions.

Baker, Botts, Parker & Garwood, of Houston, and Templeton, Brooks, Napier & Brown, of San Antonio, and Rodman S. Cosby, of Houston, for appellant.

W. P. Camp and A. L. Matlock, both of San Antonio, for appellee.

BLAIR, J. This is an appeal from an order overruling the plea of privilege of the appellant, Houston Lighting & Power Company, a private corporation, to be sued in Harris county, the place of its domicile, or, in the alternative, to be sued in Wharton county; it being alleged in the plea of privilege that appellee's petition showed her suit to be an action for damages to lands situated in Wharton county, so as to bring it within the meaning of subdivision 14 of article 1995, R. S. 1925, which reads, in part, as follows:

"Suits for the recovery of lands or damages thereto, * * * must be brought in the county in which the land, or a part thereof, may lie."

Appellee controverted the plea of privilege upon the ground that appellant was a private corporation and that her cause of action or a part thereof arose in Bexar county, where the suit was filed, and on a hearing maintained venue in that county under provision of subdivision 23 of article 1995, R. S. 1925, which reads, in part, as follows:

"Suits against a private corporation, * * * may be brought in any county in which the cause of action, or a part thereof, arose."

Appellant has assigned error only with reference to the order overruling its plea to be sued in Wharton county, and the only ground or reason urged being that appellee's petition showed that the cause of action asserted was one for damages to lands situated in Wharton county as above stated; it being contended in this connection that subdivision 14, supra, takes precedence over subdivision 23, supra, where they conflict as to venue in the same case. But this last question need not be decided, since we have reached the conclusion that appellee's cause of action, as shown by her petition, is not one for damages to land situated in Wharton county.

[1] Appellee's petition alleged in substance that she owned two tracts of land in Wharton county; that in 1925 she executed two contracts conveying to appellant an easement or right of way over each tract on which to erect its electric transmission line; that each contract provided as follows (pleaded only in substance) :

"It is expressly agreed that the Houston Lighting & Power Co., or its assigns, shall pay to the said A. V. Jenkins, her heirs and assigns, all damages to growing crops, trees or other property on said premises caused by said Houston Lighting & Power Co., or its assigns, during the operation, construction, reconstruction, inspecting, patrolling, relocating, hanging wires, maintaining and removing said line and appurtenances."

Appellee further alleged that in constructing its said power line appellant cut down and destroyed a certain number of pecan trees of different ages and each alleged to be of a certain value, and also cut down and destroyed and otherwise injured and damaged pecan and other trees described, the total alleged damages being $971. And appellee further alleged that though often requested to do so appellant had failed and refused to pay said damages as it had agreed and contracted to do, and prayed for the aggregated amount stated, with legal interest thereon.

We are clear in the view that these allegations of the petition do not constitute suit an action for damages to the lands in question, but is a suit for breach of the contracts to pay the damages therein agreed upon. The contracts authorized and gave appellant the right to cut down, destroy, and otherwise injure the trees necessary to the erection and maintenance of its power line. Therefore the damages to the trees do not arise from tort, but arise solely from and

under express terms of the contracts, which fix the damages agreed upon at the reasonable value of the trees destroyed or injured. And the sole and only purpose of the suit is to determine what is the value of the trees destroyed and injured, and is not a suit for damages to lands situated in Wharton county within the purview and meaning of subdivision 14, supra. Scott v. Noakes (Tex. Civ. App.) 277 S. W. 735; Knight v. Houston & Texas C. R. Co., 93 Tex. 417, 55 S. W. 558.

[2] Appellant has not assigned error with reference to the order overruling its plea of privilege to be sued in Harris county, the place of its domicile. Nor has it briefed the case with regard to that plea. Under such circumstances appellant will be held to have waived its plea to be sued in Harris county, unless that action of the trial court may be regarded as presenting a question of fundamental error apparent of record and of which this court must take cognizance without assignment of error.

[3] We have concluded that the record presents such an error. The judgment or order overruling the plea recites that it is based solely upon subdivision 23 of the venue statutes, providing in part that a private corporation may be sued in any county in which the cause of action or a part thereof arose. This court has this day held in the case of Dublin Mill & Elevator Co. v. Cornelius, 5 S.W.(2d) 1027, that that particular portion of subdivision 23 is unconstitutional and void as being in violation of the Fourteenth Amendment to the Constitution of the United States, in that it deprives a private corporation of equal protection of the laws as well as protection of equal laws, for the reason that the venue laws of Texas do not permit an individual to be sued in any county in which a cause of action or a part thereof arose. Our decision that the portion of subdivision 23 quoted above is unconstitutional is based largely upon the opinion and reasoning of the Supreme Court of the United States in the recent case of Power Mfg. Co. v. Saunders, 274 U. S. 490, 492, 47 S. Ct. 678, 71 L. Ed. 1165, in which a venue statute involving a discrimination between a foreign and a domestic corporation was held unconstitutional as being in violation of the Fourteenth Amendment to the United States Constitution, under the following rule or test therein announced:

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible, the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made."

Applying that rule or test here, we hold, as we held in the Dublin Mill & Elevator Company-Cornelius Case, supra, that subdivision 23 is unconstitutional and void as being a discriminating classification between individuals and private corporations with respect to venue, as being arbitrary and not based on a real and substantial difference having a reasonable relationship to the subject-matter, and that there was no reasonable basis for prohibiting suits against individuals in any county in which the cause of action or a part thereof arose, and at the same time expressly permitting suits against private corporations in any county in which the cause of action or a part thereof arose. We refer to the opinion in the Dublin Mill & Elevator Company Case for a more detailed discussion of the constitutional question involved.

[4] With reference to our duty to raise and consider the constitutionality of the statute involved without its unconstitutionality having been pleaded, and without assignment of error, the rule seems to be settled that where a statute is absolutely void—void as to all persons and for all purposes—and the record shows that such statute furnishes the only basis for the right asserted by one party to the suit and the judgment, and necessarily invades the right of the other party against whom judgment was rendered under provision of the void statute, such a statute must be considered as never having been enacted, and the judgment based thereon is absolutely void, and under such cicumstances the question is one of fundamental error apparent of record and of which an appellate court must take cognizance without the constitutionality of the statute having been pleaded and without assignment of error. Gulf Refining Co. v. Bonin (Tex. Civ. App.) 242 S. W. 779.

It is held in the case of Thompson v. Houston, 31 Tex. 610, that "courts judicially know the public statutes and general laws and customs of their own country."

In the case of Terrell, Comptroller, v. Middleton, 108 Tex. 19, 191 S. W. 1140, it is held as follows:

"It is the duty of that court to declare such appropriation bill or other statute unconstitutional, in whole or in part, as the case may be, whenever it discovers such unconstitutionality, whether the same has been pleaded or not; and that, of course, involves and applies to each applicable provision of the Constitution." Thompson v. Houston, 31 Tex. 610; Furman v. Nichol, 8 Wall. 44, 19 L. Ed. 370; Town's Tex. Pleading (2d Ed.) p. 397.

It might here be stated that since appellee's cause of action was upon written contract, as hereinbefore held the venue is fixed by subdivision 5 of article 1995, which reads as follows:

"If a person has contracted in writing to perform an obligation in a particular county,

suit may be brought either in such county or where the defendant has his domicile."

The contracts did not provide for any particular county of performance; therefore appellee was relegated to bringing the suit "where the defendant has his domicile." So under our decision herein neither appellant nor appellee had any right of venue in Wharton county, and appellee would have no right of election as between Wharton and Harris counties, as is ordinarily the case where a defendant seeks by alternative pleas to maintain venue in either of two or more counties.

It follows from what has been said that we reverse the judgment and remand the cause, with instructions to the trial court to transfer the cause to Harris county, in accordance with the plea of privilege.

Reversed and remanded, with instructions.