## DUBLIN MILL & ELEVATOR CO. v. CORNELIUS. (No. 7208.)

Court of Civil Appeals of Texas. Austin.
April 11, 1928.

Rehearing Denied May 2, 1928.

1. Corporations ⬤503(2)—Allegations of controverting answer held to show broker's "cause of action" against corporation for commission for selling defendant's milling properties or part thereof arose in county of suit (Rev. St. 1925, art. 1995, subd. 23).

Controverting answer to plea of privilege, alleging that plaintiff filed suit in B. county to recover broker's commission; that defendant authorized plaintiff to sell milling properties by communication received in B. county; that plaintiff conducted negotiations leading up to trade in and from San Antonio, B. county, *held* to show cause of action against defendant corporation or part thereof arose in B. county under Rev. St. 1925, art. 1995, subd. 23, relat-

---

ing to suits against corporations, "cause of action" consisting of plaintiff's right and injury thereto, and embracing entire state of facts that give rise to enforceable claim, including every fact which plaintiff must prove to obtain judgment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Cause of Action.] .

**2. Corporations ⊗⇛503(2)—All allegations of controverting answer must be construed together in determining whether cause of action arose.in county of suit within venue statute (Rev. St. 1925, art. 1995, subd. 23).**

Allegations of controverting answer to plea of privilege must be construed together in determining whether cause of action arose in county of suit within meaning of Rev. St. 1925, art. 1995, subd. 23, relating to venue.

**3. Corporations ⊗⇛503(2)—Evidence held to show broker's cause of action for commissions against corporation or part thereof arose in county of suit (Rev. St. 1925, art. 1995, subd. 23).**

On hearing of plea of privilege, evidence *held* to show broker's cause of action against corporation or part thereof for broker's commission for trading its milling properties arose in county where suit was filed, within meaning of Rev. St. 1925, art. 1995, subd. 23.

**4. Corporations ⊗⇛503(2)—Plaintiff is entitled to invoke venue that accords with allegations in petition (Rev. St. 1925, art. 1995, subd. 23).**

Plaintiff is entitled to invoke venue, under Rev. St. 1925, art. 1995, subd. 23, that accords with allegations in his petition, regardless of possibility that venue may fail with suit on plaintiff's failure to maintain merits of suit.

**5. Constitutional law ⊗⇛249—Corporations ⊗⇛500—Statute authorizing ⸱suits against corporation in any county in which cause of action or part thereof arose held unconstitutional as discriminatory (Const. U. S. Amend. 14; Rev. St. 1925, art. 1995, subd. 23).**

Rev. St. 1925, art. 1995, subd. 23, authorizing suits against private corporations in any county in which cause of action or part thereof arose, *held* to involve discrimination between an individual citizen and a private corporate citizen, and is unconstitutional under Const. U. S. Amend. 14, because depriving corporation of equal protection of laws as well as protection of equal laws.

Appeal from District Court, Bexar County; Robert W. B. Terrell, Judge.

Action by A. W. Cornelius against the Dublin Mill & Elevator Company, in which defendant filed a plea of privilege. From an order overruling the plea, defendant appeals. Reversed and remanded, with instructions.

Hicks, Hicks, Dickson & Bobbitt and Edward H. Lange, all of San Antonio, for appellant.

Eskridge & Williams, of San Antonio, for appellee.

BLAIR, J. This appeal is from an order overruling the plea of privilege of appellant, Dublin Mill & Elevator Company, a private corporation, to be sued in Erath county, the place of its domicile. Appellee controverted the plea of privilege and sought and on a hearing of the issue maintained venue in Bexar county under·provision of subdivision 23 of article 1995, R. S. 1925, the material portion of which reads as follows:

"Suits against a private corporation, * * * may be brought in any county in which the cause of action, or a part thereof, arose. * * *"

[1] Appellant first contends that the controverting answer is insufficient in that it does not specifically set out the fact or facts relied upon to confer venue as required by statute. The contention is not sustained. In substance the controverting answer to the plea of privilege alleged that appellee filed his suit in Bexar county to recover a broker's commission; that appellant requested and authorized· appellee to sell or trade its milling properties at Dublin by communication received in Bexar county; that pursuant thereto appellee started and conducted negotiations with certain parties which resulted in a trade or exchange of their properties for appellant's milling properties; and that all negotiations leading up to the trade were conducted by appellee in and from San Antonio, Bexar county, Tex., where the suit was filed. In other words, appellee sought to recover on a cause of action for services rendered which were performed in Bexar county. These allegations of fact clearly show that appellee's cause of action or a part thereof arose in Bexar county, within the following rule or test applicable and announced in the case of Savage v. Burks & Co. (Tex. Civ. App.) 270 S. W. 244:

"A 'cause of action,' " within this subdivision, "consists of plaintiff's right and injury thereto, and embraces entire state of facts that give rise to enforceable·claim, including every fact which plaintiff must prove to obtain judgment."

See, also, Silvers Box Corporation v. J. E. Stone & Co. (Tex. Civ. App.) 248 S. W. 1104; Bering Mfg. Co. v. Carter & Bros. (Tex. Civ. App.) 255 S. W. 243; Watson v. Jackson (Tex. Civ. App.) 264 S. W. 603.

[2] The fact that appellant specifically excepted to that portion of the allegations of the controverting answer to the effect that such request and "authorization was received by this plaintiff in the city of San Antonio, Bexar county, Tex.," to. sell or trade the properties, as being too indefinite and as not showing whether the authorization was in writing, is immaterial, since appellee was not seeking to recover on a written contract, and when all the allegations are construed together, which is the rule applicable, appellee al-·

leged a cause of action which arose in Bexar county within the meaning of the venue statute involved.

[3, 4] Nor do we sustain appellant's second contention that the evidence is entirely insufficient to maintain venue in Bexar county. On the hearing of the plea of privilege appellee proved substantially allegations of his controverting answer. That is, he proved that appellant requested and authorized him to trade its milling properties by telephone communication from Dublin to him at San Antonio, and by letter received by him at San Antonio, which letter he offered in evidence on the venue hearing; that he interested certain named parties in the matter, which resulted in a trade of their real estate for appellant's milling properties, which trade was fully consummated at an agreed valuation fixed by the parties; and that he conducted all negotiations leading up to the trade and exchange of the properties in and from San Antonio, Bexar county, Tex. This evidence sufficiently proved for the purposes of the venue statute in question that appellee's "cause of action or a part thereof arose" in Bexar county, where the suit was filed. And the fact, urged in this connection, that appellee might not be entitled on a trial on the merits to recover but one-half of the amount sued for, or not at all, is immaterial, and does not in any manner affect the venue question, for, as is held in the case of Diamond Mill Co. v. Adams-Childers Co. (Tex. Civ. App.) 217 S. W. 176:

Under this statute, "plaintiff, bringing action in good faith, * * * is entitled to invoke the venue that accords with the * * * allegations in its petition, regardless of possibility that venue may fail with the suit upon plaintiff's failure to sustain the merits of the suit."

[5] A more serious and difficult question is raised by appellant's third and remaining proposition, which reads as follows:

"Subdivision 23 of article 1995 of the Revised Civil Statutes of Texas, in so far as it attempts to make an exception to the general rule of venue, by fixing venue of suits against a private corporation (but not against individuals) in any county in which the cause of action or a part thereof arose, is void and unconstitutional, being in violation of the Fourteenth Amendment to the Constitution of the United States, in that it deprives appellant of the equal protection of the laws as well as protection of equal laws for the reason that the laws of Texas do not permit an individual to be sued (outside of the county of his domicile) in any county in which the cause of action or a part thereof arose, this classification between individuals and corporations with respect to venue, being arbitrary and not based on a real and substantial difference, having a reasonable relationship to the subject-matter, and being no reasonable basis for prohibiting suits against individuals in any county in which the cause of action or a part thereof arose, and at the same time expressly permitting suits against corporations in any county in which the cause of action or a part thereof arose."

We have reached the conclusion that the proposition correctly states the law with regard to the question raised.

It may be well to again note that the sole and only ground on which appellee sought and maintained venue in Bexar county was that appellant was a private corporation and the cause of action or a part thereof arose in that county. Article 1995 provides as a general rule of venue that no person who is an inhabitant of this state shall be sued out of the county of his residence or domicile, except in certain specified instances not involved here. There is no exception which permits an individual citizen of Texas to be sued in any county in which a cause of action or a part thereof arose, but subdivision 23 of the article referred to does provide that "suits against a private corporation, * * * may be brought in any county in which the cause of action, or a part thereof, arose." So the question to be determined is whether there is any reasonable basis for this discrimination as between an individual and a domestic private corporation with reference to venue for suits on or growing out of their ordinary contracts or torts for damages. We have been unable to find any reasonable basis for this distinction and discrimination. Of course, there may be and are many purposes for which corporations may be reasonably classified and treated differently from individuals, but not so with reference to venue for suits for damages growing out of their respective ordinary contracts or torts. There might also be certain character of contracts of a corporation which would probably furnish a reasonable basis for a distinction as to venue for suit on such contracts; but we have been unable to conceive of any reasonable basis for the classification or distinction made by this statute which applies to all contracts made by any private corporation. It simply authorizes suits against a private corporation in any county in which a cause of action or a part thereof arose on all of its contracts, and at the same time withholds that right with reference to the same character of contracts of an individual. There is no law prohibiting an individual from making the same character of contract made by appellant and involved in this cause. And, generally speaking, the same is true with reference to all contracts which any private corporation may make in this state. So where is the reasonable basis for any discrimination or distinction with reference to venue for suits based upon all such contracts? Appellee has pointed out no reasonable basis for this distinction or discrimination. Appellant contends that there is no basis for them. And we see no reasonable basis for the Legislature saying to an individual citizen that he does not have to answer for his contracts or torts in any county

except that of his domicile, and at the same time saying to a corporate citizen that it must not only answer in the county of its domicile for its contracts or torts, but must also answer for them in any county in which the cause of action or a part thereof arose.

The constitutionality of this statute as being discriminatory has never been attacked so far as a research of the cases reveals. However, the Supreme Court of the United States, in the recent case of Power Mfg. Co. v. Saunders, 274 U. S. 490–492, 47 S. Ct. 678, 71 L. Ed. 1165, passed upon and held unconstitutional a venue statute which involved a discrimination between a foreign and a domestic corporation, which decision on principle involved and by analogy supports our conclusion that our venue statute, which involves a discrimination between an individual citizen and a private corporate citizen, in the respect pointed out herein, is likewise unconstitutional, as being in violation of the Fourteenth Amendment to the Constitution of the United States, in that it deprives appellant of the equal protection of the laws as well as protection of equal laws. Because we are of the view that the principle involved and the logic of the opinion in Power Mfg. Co. v. Saunders, supra, apply with equal force to the statute here in question, we quote at length from that opinion as follows:

"Thus the statutes were applied as permitting the defendant, a foreign corporation doing business in one county, to be sued in another county, where it did no business and had no office, officer or agent, on a cause of action which arose in the former. * * *

"It is conceded that the statutes neither permit a domestic corporation to be sued in a county in which it does no business and has no office, officer or agent, nor permit a natural person to be sued in a county in which he does not reside and is not found. * * *

"We think it very plain that the statutes discriminate against foreign corporations and in favor of domestic corporations and individuals, and that the discrimination is not theoretical merely, but real and substantial.

"The clause in the Fourteenth Amendment forbidding a state to deny to any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws, * * * and extends as well to corporate as to natural persons. * * * It does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection; but it does require that the classification be not arbitrary but based on a real and substantial difference having a reasonable relation to the subject of the particular legislation. * * *

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible, the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made.

"Here the separate classification of foreign corporations is in respect of the venue or place of bringing transitory actions. * * * So far as their situation has any pertinence to the venue of transitory actions it is not distinguishable from that of domestic corporations and individuals. Certainly there is no substantial difference."

It is true that that court was only construing venue statutes involving a discrimination between a foreign and a domestic corporation; still the language used clearly indicates that the court would have held the same with reference to venue statutes involving a discrimination between a foreign or domestic corporation and an individual. At least a careful reading of the opinion will justify the conclusion that the court intended to indicate it would hold all discriminatory venue statutes unconstitutional whether discriminatory as between foreign and domestic corporations, or as between foreign or domestic corporations and individuals.

It therefore follows from what has been said that we reverse the judgment of the trial court and remand the cause, with instructions to transfer same in accordance with the plea of privilege on file.

Reversed and remanded, with instructions.