### McCLUNG CONST. CO., Inc., v. LANGFORD MOTOR CO.

### No. 12378.

Court of Civil Appeals of Texas. Fort Worth.
Nov. 15, 1930.

Rehearing Denied Dec. 20, 1930.

Cantey, Hanger & McMahon, of Fort Worth, for appellant.

Hiner & Pannill, of Fort Worth, and Milburn E. Nutt and R. W. Frank, both of Wichita Falls, for appellee.

BUCK, J.

On or about September 21, 1928, as L. E. Whitham was going east towards Wichita Falls, along the highway, in an automobile, and when he was about a mile or two west of Holliday, Archer county, he ran into an unfinished culvert. He alleged that he was injured in various respects, and that his car was damaged. Defendant McClung Construction Company, Incorporated, hereinafter called construction company, filed a plea of privilege to be sued in Tarrant county, and when the plea came up for argument, and on account of the holding in Dublin Mill & Elevator Co. v. Cornelius, 5 S.W.(2d) 1027, and Houston Lighting & Power Co. v. Jenkins, 5 S.W.(2d) 1030, by a Court of Civil Appeals, that the statute authorizing suits against a corporation in any county in which the cause of action, or a part thereof, arose, was unconstitutional as discriminatory, the plaintiff agreed to the transfer of the cause of action to Tarrant county, where that part of it which charged personal injuries to Whitham was compromised and settled, and the remaining cause of action for damages to the car was dismissed, a nonsuit having been taken. It appears the car rightly belonged to the Langford Motor Company and had been loaned to Whitham for this trip. Thereafter, on November 30, 1929, the Langford Motor Company filed this suit against the construction company. The defendant filed its plea of privilege to be sued in Tarrant county, its place of domicile. Its plea at least was attempted to be made in a statutory form, and, omitting formal parts, is as follows:

"Now comes defendant, McClung Construction Company, in the above entitled and numbered cause, having been heretofore served with citation to appear herein, and files this, his plea of privilege, showing to the court as grounds therefor the following:

"1. This defendant, the party claiming such privilege, was not at the institution of such suit, nor at the time of the service of process thereon, nor at the time of the filing of such plea, a resident of Archer County, Texas, the county in which such suit was instituted.

"2. The county of the residence of this defendant at the time of such plea, as well as at the time of the filing of same, is Tarrant County, Texas.

"3. No exception to exclusive venue in the county of one's residence, provided by law, exists in said cause.

"Wherefore, premises considered, this defendant prays the court to sustain this plea of privilege, and that said cause be transferred to one of the four Civil District Courts of Tarrant County, Texas, having jurisdiction, and that this cause be transferred to the 17th Judicial District Court of Tarrant County, Texas."

The plaintiff filed its controverting affidavit to the plea of privilege, which, omitting formal parts, is as follows:

"The Langford Motor Company, a Texas corporation, plaintiff in the above numbered and entitled cause, acting by and through one of its attorneys of record hereunto duly authorized, for plea controverting the plea of privilege of the defendant, McClung Construction Company, Inc., filed herein on the 4th day of November, A. D. 1929, respectfully shows the following:

"The plaintiff, Langford Motor Company, has filed herein a petition alleging that the defendant McClung Construction Company, Inc. is a Texas corporation, having its general offices and principal place of business in the City of Fort Worth, Tarrant County, Texas. and that due to the negligence of the said defendant, as set forth in plaintiff's original petition, certain injuries and damages resulted and were caused to the plaintiff, Langford Motor Company, in Archer County, Texas, as fully shown by said petition, and such allegations are true and correct.

"Affiant, the undersigned attorney of record for plaintiff, does hereby state under oath that said suit is against a private corporation, towit, the defendant, McClung Construction Company, Inc., and that the cause of action of plaintiff, set forth in his original petition arose in Archer County, Texas, wherein said suit is filed and said affiant does further state upon his oath, for plaintiff, that at the time the cause of action sued upon arose in Archer County, Texas, the said defendant had a representative in Archer County, Texas. By reason of subdivision 23, of article 1995, R. C. S. of Texas, for 1925, and the facts set forth and alleged by plaintiff in said cause, the 30th District Court of Archer County, Texas, has jurisdiction and venue of said cause of action and suit and should retain the same, and said suit should not be transferred from the said court wherein same is filed to any other court in Texas.

"Premises considered, plaintiff, acting by his said attorney, prays that such plea of privilege be overruled and that said cause of action be set down for trial in the 30th District Court of Archer County, Texas, wherein same was and is filed."

To the controverting affidavit, defendant filed a general demurrer and specially excepted to said plea, in that it did not contain sufficient allegations to show that an exception to exclusive venue in the county of one's residence provided by law exists in the cause; and, further, that said allegations referring to an exception to exclusive venue in the county of one's residence are too vague and uncertain to show such an exception. It further pleaded res adjudicata as to the right of the construction company to be sued in Tarrant county in the former suit filed in Archer county, and transferred by reason of the plea of privilege of the construction company to Tarrant county. It alleged that L. E. Whitham

was the bailee of the car he was driving, and that as such bailee he had the right to sue for damages to the car, as trustee of the Langford Motor Company. The court overruled special exceptions Nos. 2 and 3, interposed by the defendant to the controverting affidavit of plaintiff, and overruled the general demurrer, and the defendant gave notice of appeal to this court on the plea of privilege.

Upon the hearing, the defendant introduced in evidence the petition of L. E. Whitham against the construction company, a Texas corporation having its general offices and place of business in Fort Worth, Tarrant county,· setting up the accident and injuries to the plaintiff's person and to the car which he held as bailee, filed October 19, 1928, in the district court of Archer county, in which L. E. Whitham alleged he was driving the car from San Angelo to Wichita Falls, and when he approached the town of Dundee, in Archer county, he was following and going in the general direction of other travelers on the road, and he was directed by a certain sign placed upon said highway and having thereon the name "Texas Highway Department" in conspicuous lettering, and said board being constructed and erected and pointing by arrow in the direction he was traveling to Wichita Falls, and that when he reached a short distance west of Holliday, Archer county, he encountered and collided with an unfinished and incomplete culvert extending across said roadway, and that the defendant construction company had negligently and unlawfully failed to have a watchman or guard stationed on or near said culvert and negligently and unlawfully failed to have a signal lantern or flare burning upon said construction, and negligently and unlawfully failed to have proper barricades, warning signs, or signals advising travelers of the danger of colliding with or running into said unfinished culvert.

There was also introduced in evidence the sheriff's return upon a citation issued in this case, showing that H. G. McClung, president of the construction company, had been served on October 22, 1928, at Fort Worth. There was also introduced by the defendant the affidavit of Milburn E. Nutt, attorney of record for L. E. Whitham, to the effect that the construction company is a Texas corporation, having its general offices and place of business in Fort Worth, Tarrant county, Tex. That due to the negligence of said defendant, as set up in plaintiff's original petition, certain injuries and damages resulted and were caused to the plaintiff Langford Motor Company, in Archer county, Tex., and that such allegations are true and correct; and further that affiant states under oath that said suit is against a private corporation and that the action of plaintiff as set forth in his original petition arose in Archer county, and that at the time said cause of action arose, the de-

fendant had a representative in Archer county and had a representative therein at the time of filing this suit. That by reason of subdivision 23 of article 1995, Rev. Civ. Statutes of 1925, and by reason of the facts set forth and alleged by plaintiff in said cause, the Thirtieth district court of Archer county had jurisdiction and venue of said cause of action and suit and should retain the same, and said suit should not be transferred from the said court wherein .same is filed to any other court in Texas.

Mr. Milburn E. Nutt testified that the reason he agreed to the transfer of the case from Archer county to Tarrant county was because of the holding by the Austin Court of Civil Appeals in Dublin Mill & Elev. Co. v. Cornelius, 5 S.W.(2d) 1027, and Houston Lighting & Power Co. v. Jenkins, 5 S.W.(2d) 1030, that the statute authorizing suits against a corporation in any county in which the cause of action, or a part thereof, arose, was unconstitutional as discriminatory, but subsequently the Supreme Court held, in Grayburg Oil Co. v. Powell, 15 S.W.(2d) 542, that subdivision 23 of article 1995 was not unconstitutional as discriminatory; that he had an agreement with counsel for the construction company that in the event the Supreme Court should hold that article 1995, subdivision 23, was constitutional and should overrule the holding of the Austin Court of Civil Appeals, the case should be retransferred back to Archer county, and that he attempted to have that part of the case which complained of damages to the car retransferred to Archer county, but that the defendant's counsel would not agree to that and that he took a nonsuit and the cause was dismissed.

From the judgment of the trial court overruling defendant's plea of privilege, the defendant has appealed to this court.

### Opinion.

Appellee urges that because the plea of privilege filed by defendant below did not negative the exceptions contained in subdivision 23 of article 1995, Rev. Civ. Statutes of 1925, it was insufficient and the trial court rightly and properly overruled defendant's plea of privilege. He cites International Travelers' Ass'n v. Powell, 109 Tex. 550, 212 S. W. 931, by the Supreme Court and quotes the following from the headnotes:

"In suit on accident policy, where company's plea of privilege did not negative exceptions contained in subdivisions 24 and 29 of Rev. St. art. 1830 [now art. 1995], as to venue, it was properly overruled in view of article 1903 [now art. 2007], as to the sufficiency of plea of privilege."

This decision of the Supreme Court is dated June 4, 1919, and it does not disclose when the plea of privilege was filed; but the present form of the statute has been in the statutes at least since 1911, and we are of the opinion that the plea of privilege could not have been filed prior to that date and that the holding in the cited case is with reference to the form of the plea of privilege as now given by article 2007. See Thomason v. Ham, 210 S. W. 561, by Justice Dunklin of this court, writ of error refused.

But even though the Powell Case is not in point, and even though the Court of Civil Appeals and the Supreme Court were considering the contract of the insurance company and its policy holder and not article 2007, yet we think the judgment below should be affirmed for further reasons, to wit:

Article 2007, under the heading "Plea of Privilege," reads as follows:

"A plea of privilege to be sued in the county of one's residence shall be sufficient if it be in writing and sworn to, and shall state that the party claiming such privilege was not, at the institution of such suit, nor at the time of the service of process thereon, nor at the time of filing such plea, a resident of the county in which such suit was instituted and shall state the county of his residence at the time of such plea, and that 'no exception to exclusive venue in the county of one's residence provided by law exists in said cause'; and such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue. If the plaintiff desires to controvert the plea of privilege, he shall within five days after appearance day file a controverting plea under oath, setting out specifically the fact or facts relied upon to confer venue of such cause on the court where the cause is pending."

It will be noted that the Langford Motor Company, in its controverting affidavit, pleaded that plaintiff had filed a petition alleging that the defendant is a Texas corporation, having its general offices and principal place of business in the city of Fort Worth, Tarrant county, and that due to the negligence of said defendant certain injuries and damages resulted and were caused to the plaintiff in Archer county "as fully shown by said petition and such allegations are true and correct."

Appellee cites Randals v. Green, 258 S. W. 528, by the Waco Court of Civil Appeals, and First National Bank v. Childs, 231 S. W. 807, by the Austin Court of Civil Appeals, writ of error refused; Perkins v. Texas Bank & Trust Co. (Tex. Civ. App.) 230 S. W. 736; and Shafer v. Swift (Tex. Civ. App.) 256 S. W. 309, for holdings of courts that the allegations in the controverting plea are sufficient to refer to and include the petition, and the copies of the petition filed theretofore in Archer county by L. E. Whitham as plaintiff and against the construction company as defendant, which defendant introduced in evidence, probably to show, that the cause of action was the same

in both cases, and that the ruling of the court on the plea of privilege at the prior term was res adjudicata of the question here involved, and set out in the main the same facts pleaded in this suit. We think that the defendant is bound and concluded thereby, and cannot be heard to allege that said controverting plea is insufficient in not specifically alleging a cause of action, the sufficiency having been cured, if it was defective, by the introduction by defendant of the petition of plaintiff.

In 10 R. C. L. p. 1098, par. 289, it is said:

"Conclusiveness against Party Introducing Document.—As a general rule documentary evidence is held to be conclusive against the party introducing it. He may not impeach it, and he will not be permitted to accept a part which is in his favor and repudiate another part which is opposed to his claim or defense. And this applies as well to documents forming a part of a record of a cause as to other documents."

In 17 Ann. Cas. p. 381, note, it is said:

"As a general rule documentary evidence is held to be conclusive against the party introducing it. He may not impeach it, and he will not be permitted to accept a part which is in his favor and repudiate another part which is. opposed to his claim or defense."

For the reasons stated, we conclude that the trial court did not err in overruling the defendant's plea of privilege, and the judgment is affirmed.