**BOOKER CUSTOM PACKING COMPANY, INC., Appellant,**

v.

**CARAVAN REFRIGERATED CARGO, INC., Appellee.**

No. 19650.

Court of Civil Appeals of Texas, Dallas.

Nov. 28, 1978.

Rehearing Denied Jan. 8, 1979.

Ben L. Krage, Kasmir, Willingham & Krage, Dallas, for appellant.

Cecil M. Arnold, Jr., Dallas, for appellee.

ROBERTSON, Justice.

Caravan Refrigerated Cargo, Inc., appellee, sued Booker Custom Packing Company, Inc., appellant, for unpaid interstate freight bills, pre-judgment interest and attorney's fees. Booker claimed an offset for meat damaged by Caravan in a previous shipment and sought an amount identical to the unpaid freight bills. At trial, the parties stipulated to the validity of Caravan's claim on the unpaid freight bills, and further stipulated that if Caravan was entitled to attorney's fees, the amount of such fees would be $1,000. Special issues were submitted to the jury which answered favorably for Booker on the offset. However, the court entered a judgment notwithstanding the verdict. We reverse and remand with instructions to render judgment on the verdict, allowing Booker's offset, but also allowing Caravan pre-judgment interest.

Five special issues were submitted to the jury. Special Issue No. 2 asked: "Do you find from a preponderance of the evidence that Caravan Refrigerated Cargo, Inc. promised to deliver to Booker Custom Packing Company, Inc. a tractor, for the purposes of towing trailer no. 87 on any date set prior to August 28, 1975?" Answer: "We do." The court disregarded this issue and entered judgment notwithstanding the verdict on no evidence grounds. Appellant contends that there was evidence, in the form of appellant's pleading, to support this issue. In reviewing a judgment notwithstanding the verdict based on no evidence to support a jury finding, an appellate court must view the evidence in the light most favorable to the jury's finding and must disregard all evidence to the contrary. *Echols v. Wells,* 510 S.W.2d 916 (Tex.1974). Also, if there is any evidence to sustain the jury's findings, it is conclusively binding on the court. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

After Booker rested, Caravan presented its case, which consisted of the introduction into evidence of Booker's second amended original petition. This pleading was read to the jury in its entirety, save and except for the preamble and prayer. The pleading stated: ". . . that on August 22, 1975, Caravan promised Booker that a tractor would be available on Monday, August 25, 1975, to pick up trailer 87, loaded with Booker's shipment of meat; that this promise was repeated on the 25th for the 26th, and the 26th for the 27th; that the tractor did not arrive until the 28th; that the delay caused the meat to deteriorate; that the deteriorated condition of the meat caused Booker's damage in the amount of $5,017.35." Caravan offered no other evidence and made no attempt to impeach or limit the recitations in Booker's pleadings other than stating it was offering this in rebuttal. We hold that this pleading since it was offered by Caravan, is, at least, some evidence to support the verdict. The long standing rule in Texas is that where a party offers in evidence a pleading of his opponent without limitation, the allegations in such pleading are conclusively established. *Texas & New Orleans Railroad Co. v. Patterson and Roberts,* 192 S.W. 585 (Tex.Civ.App.—Amarillo 1917, no writ); *McClung Const. Co. v. Langford Motor Co.,* 33 S.W.2d 749 (Tex.Civ.App.—Fort Worth 1930, no writ); *Lincoln v. Pohly,* 325 S.W.2d 170 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.); *Seddon v. Harrison,* 367 S.W.2d 888 (Tex.Civ.App.—Houston 1963, writ ref'd n. r. e.). Although the supreme court has not specifically addressed this point, we feel compelled to defer to this well-established rule. It is an extraordinarily harsh one, which we do not personally favor, since an unsworn pleading, even if offered by the opposing party, logically does not tend to show what the true facts are, but only what the pleader has asserted

them to be, unless its allegations are contrary to the position taken by the pleader at the trial.

Caravan by crosspoint seeks attorney's fees pursuant to Tex.Rev.Civ.Stat. Ann., art. 2226 (1975). The parties concede that this was a sworn account for unpaid freight charges; however, Caravan admits that it failed to comply with the notice provision of the statute in that they did not make demand for payment of the note thirty days prior to the commencement of this action. Therefore, we hold that the trial court was correct in denying appellee's claim for attorney's fees.

Caravan further seeks pre-judgment interest since this is an action on a sworn account, and this is not contested by Booker. As a general rule, if damages are established as of a definite time and the amount thereof definitely determinable, interest is recoverable as a matter of right from the date of injury or loss. *Black Lake Pipe Line Co. v. Union Construction Co., Inc.,* 538 S.W.2d 80 (Tex.1976). The petition must contain pleadings to support an award of pre-judgment interest, but a prayer for interest without more is sufficient to support such an award. *Black Lake Pipe Line Co. v. Union Construction Co., supra.* Caravan has satisfied both of these requirements. Both a prayer for interest and the time at which the damages were definitely established are set forth in the pleadings. We thus hold that Caravan is entitled to pre-judgment interest at the rate of 6% per annum from January 1, 1976 until final judgment. Tex.Rev.Civ.Stat.Ann., art. 5069–1.03 (1971); *Phillips Petroleum Co. v. Stahl Petroleum Co.,* 569 S.W.2d 480 (Tex. 1978). On remand the trial court is instructed to compute the proper amount of interest due and owing to Caravan and to render judgment on the verdict allowing Booker the offset claimed.

Reversed and remanded with instructions.