John W. HACKNEY, Appellant,

v.

Doris JOHNSON, Appellee.

No. 6933.

Court of Civil Appeals of Texas, El Paso.

June 11, 1980.

Rehearing Denied July 2, 1980.

Freeman & Hyde, Robert F. Freeman, John G. Hyde, Midland, for appellant.

Robert L. Evans, Jr., P. C., Midland, for appellee.

## OPINION

WARD, Justice.

One of three individual lessees filed this suit against the landlord for damages for an alleged eviction. Trial was to a jury, and, based upon the verdict rendered, judgment for substantial damages was entered in favor of the lessee. The landlord appeals, complaining that a release of the lease executed by the two other tenants was binding against the claim of the Plaintiff, and that the Plaintiff's claim was further barred when she introduced into evidence, without limitation, the Defendant's first amended answer. We affirm.

The Defendant, John W. Hackney, was the owner of a building and the business located therein, known as "Johnny's Barbeque," in Midland. In September, 1976, he leased the premises and equipment to three individuals, Luther Massengil, Sammie L. Hunt and the Plaintiff, Doris Johnson, the written lease being for a period of five years. It was contemplated that the three lessees would operate the barbeque business and, by the terms of the lease, the lessees agreed to pay $200.00 weekly rental to the lessor, together with 25% of the net profit. In this connection, the lease provided that each of the lessees would be allowed a salary of $150.00 per week prior to computation of net profit. The lease contained a provision that recognized the lessees were form-

ing a corporation, and that the lease would be assigned to the corporation. Other terms of the lease were to the effect that the lessees agreed to maintain certain insurance policies, while the lessor granted unto the lessees the right to use the name of "Johnny's Barbeque" during the term of the lease.

Thereafter, the tenants operated the business and occupied the premises until January, 1977, when trouble occurred, differing versions of which were presented in evidence. At that time, the Defendant and the two tenants, Hunt and Massengil, executed an agreement which provided that the parties mutually released each other of all the terms and conditions of the written lease of September, 1976, all their rights under the lease being thereby cancelled. The Plaintiff, Doris Johnson, refused to execute this instrument.

The jury, by answer to special issues submitted, determined that the Defendant Hackney went back into possession of the premises in January, 1977, at a time when the Plaintiff was not in default in any of her obligations in the lease and over her objection, and that he willfully excluded her from the premises. By other issues, the jury found against the Defendant on various defensive issues, and, further, found that, while the Plaintiff was not obligated to form a corporation, the corporation was formed but that the lease was not assigned to the corporation. No challenge has been made by the Defendant to the jury findings. Thereafter, the Court entered judgment for the Plaintiff for the damages assessed.

Defendant's first point is to the effect that the release of the lease agreement which was signed by Hunt and Massengil bound the Plaintiff as a matter of law from recovery on the lease agreement. In this connection, the Defendant argues that the business arrangement between the three tenants was at least that of a partnership, and that the execution of the release by the two tenants effectively bound the Plaintiff, even though she refused to sign the instrument. The Defendant relies on Article 6132b, Sec. 9, Texas Uniform Partnership Act, which in subsection (1) provides that every partner is an agent of the partnership for the purpose of its business, and that the act of a partner for apparently carrying on the usual way of business of the partnership binds the partnership. The Defendant chooses to ignore subsection (2) which provides that an act of a partner which is apparently not for the carrying on of the business of the partnership in the usual way does not bind the partnership unless authorized by the other partners. Further ignored is subsection (3) which provides:

Unless authorized by the other partners . . . one or more but less than all of the partners have no authority to:

. . . . .

(b) Dispose of the good-will of the business,

(c) Do any other act which would make it impossible to carry on the ordinary business of a partnership.

■ In this case, the Plaintiff did not authorize Hunt and Massengil to execute the release for herself or for the partnership. If the three tenants were operating the business and the lease as a partnership, the release was a transaction outside the ordinary course of the business as the lease was a vital part of the capital assets, and the act would not be within the apparent authority of a partner under Section 9(2). See Crane & Bomberg, Law of Partnerships Sec. 51, at 291 (1968).

■ The act of the two partners in executing the release could be considered an act which disposed of the good will of the business. Good will is used in the sense that it is generally associated with such items as place of business, sales, etc. Law of Partnerships, supra, Sec. 52. Finally, it would clearly be an act which would make it impossible to carry on the ordinary business of the partnership and was within the terms of Section 9(3)(c), Texas Uniform Partnership Act. If the three tenants were acting as a partnership, then the release did not bind the partnership or the Plaintiff.

■ If the three tenants could be considered as acting as joint venturers prior to the formation of a contemplated corporation, the results would be the same, as joint venturers are generally governed by the rules applicable to partners. Law of Partnerships, supra, Sec. 35 at 189, et seq.

■ The evidence disclosed that the three tenants had formed a corporation, they being the initial directors. According to the unchallenged jury finding, no transfer of the lease to the corporation had ever been made. The Defendant's argument that the execution of the release should be considered as a binding corporate act is overruled. The first point is overruled.

■ The Plaintiff offered into evidence the Defendant's first amended original answer without limitation. The answer consisted of a general denial and various allegations that the Plaintiff had breached the lease. The Defendant's second point is that the introduction of the pleading without limitation bound the Plaintiff and entitled the Defendant to an instructed verdict. There are cases in this State holding that, where a party offers in evidence a pleading of his opponent without limitation, the allegations in such pleading are conclusively established. *Texas & N. O. Ry. Co. v. Patterson & Roberts*, 192 S.W. 585 (Tex.Civ. App.—Amarillo 1917, no writ); *McClung Const. Co. v. Langford Motor Co.*, 33 S.W.2d 749 (Tex.Civ.App.—Fort Worth 1930, no writ); *Lincoln v. Pohly*, 325 S.W.2d 170 (Tex.Civ.App.—Texarkana 1959, writ ref'd n.r.e.); *Seddon v. Harrison*, 367 S.W.2d 888 (Tex.Civ.App.—Houston 1963, writ ref'd n.r. e.). Granted that such positive statements can be found, they have generally been used as an alternative reason for the decision of the court in the particular case. Recently, it was pointed out that the stated rule is an extraordinarily harsh one since an unsworn pleading, even if offered by the opposing party, logically does not tend to show what the true facts are, but only what the pleader has asserted them to be, unless the allegations are contrary to the position taken by the pleader at the trial. *Booker Custom Packing Company, Inc. v. Caravan Refrig-*erated *Cargo, Inc.*, 575 S.W.2d 329 (Tex.Civ. App.—Dallas 1978, no writ). Actually, the Dallas court merely considered the offered pleadings as being some evidence to support a jury verdict without going any further, and that should be a proper limitation on the rule.

■ A better statement is contained in *Ballard v. Aetna Casualty and Surety Company*, 391 S.W.2d 510 (Tex.Civ.App.—Corpus Christi 1965, writ ref'd n.r.e.), at 513:

It is a well-established general rule of law that 'if a party introduces a statement of his adversary in evidence, he is ordinarily bound by it. For example, a party who introduces without limitation a pleading of his adversary will generally be bound thereby.' . . .

'However, while such is generally stated to be the rule, there are exceptions and one exception is that in analogy to the rule that a party may prove the truth of particular facts in direct contradiction of the testimony of his witness, he may disprove facts stated in a document introduced by him.' . . .

A party may introduce other witnesses to show the truth of a particular fact in contradiction to what one of his own witnesses has testified. This is not an attack on the general credibility of the witness, but is intended to show that he was in error on the particular point. If this were not permitted, one would be unable to prove the facts of his case if his first witness testified falsely. See 1 Ray, Texas Laws of Evidence Sec. 636 (3d ed. 1980).

■ The pleadings are merely documentary evidence and the rule as to documentary evidence is stated in *Gevinson v. Manhattan Construction Company of Oklahoma*, 449 S.W.2d 458 (Tex.1969) at 466:

It has been said that one who introduces a document vouches for its accuracy and will not be allowed to impeach or contradict its recitals. This rule can avail plaintiffs nothing, because it has been largely engulfed by its own exceptions. In analogy to the rule that a party may prove the truth of particular facts in di-

rect contradiction of the testimony of his witness, he may also disprove factual recitals in a document introduced by him. (Citations omitted).

In the case before us, we hold that the Plaintiff is not conclusively bound by her introduction of the Defendant's pleadings. She introduced other evidence which established that she was not in default under her lease and the jury chose to believe this evidence. The point is overruled.

The judgment of the trial Court is affirmed.